Frank Odis ROGERS, Petitioner,

v.

Teri Lyn ROGERS, Respondent.

No. B–6798.

Supreme Court of Texas.

Jan. 4, 1978.

Sudderth, Woodley & Dudley, Keith Woodley, Comanche, for petitioner.

Darrell E. Haynes, Brownwood, for respondent.

CHADICK, Justice.

The District Court of Mills County rendered a default judgment granting Mrs. Teri Lyn Rogers a divorce from her husband, Frank Odis Rogers. The judgment contained an order appointing Mrs. Rogers managing conservator of the couple's infant son and made other orders appropriate to a suit affecting the parent-child relationship. After becoming aware of the judgment Mr. Rogers, by writ of error, brought the case to the Court of Civil Appeals for review. The record brought forward did not contain a Statement of Facts. The official court reporter did not attend and report the trial court's proceedings. Mr. Rogers made no effort to secure a Statement of Facts from any source other than the official court reporter.

The sole ground for reversal in the Court of Civil Appeals was Mr. Rogers' inability to obtain a Statement of Facts. That Court affirmed the judgment, concluding that Tex.Rev.Civ.Stat.Ann. art. 2324 did not impose a duty on the official court reporter to record the testimony in this case, absent a request to do so. No request was made by either party. 549 S.W.2d 471.

This Court has jurisdiction because the holding of the Court of Civil Appeals conflicts with *Smith v. Smith*, 544 S.W.2d 121 (Tex.1976). Tex.Rev.Civ.Stat.Ann. arts. 1728, 1821. In *Smith* a new trial was ordered when failure to obtain a Statement of Facts in a writ of error appeal resulted from no fault of the appealing party. For a conflict to exist between the decision of a Court of Civil Appeals and a prior decision of the Supreme Court the ruling of the Court of Civil Appeals "must be so far upon

the same state of facts that decision of one case is necessarily conclusive of the decision in the other." *Gulf, Colorado & Sante Fe Railway Co. v. Hamilton,* 126 Tex. 542, 89 S.W.2d 208 (1936); *Garitty v. Rainey,* 112 Tex. 369, 247 S.W. 825 (1923); 15 Tex. Jur.2d, Courts, § 32.

*Smith v. Smith, supra,* was a suit for divorce and child custody. The petitioner filed responsive pleadings to his wife's suit but did not appear personally or by counsel at the hearing on the merits. Judgment was entered granting the wife a divorce and awarding her custody of a minor child. The record disclosed that the court reporter did not attend the trial and was unable to furnish petitioner a Statement of Facts and that the trial judge had no independent memory of the facts and would not undertake to prepare a statement.

The procedural posture of this case and *Smith* differs only in that Rogers did not timely file responsive pleadings. The factual difference in the cases is that the record in this appeal does not show whether or not the trial judge could recall the facts adduced in the trial. Otherwise the procedural and factual circumstances of the two cases correspond in detail. It may also be noted that the record here presents no question of failure to object to the absence of the reporter or waiver of his presence at the trial as Rogers was not present in person or by counsel and could do neither.

■ The procedural difference in the cases is of no significance as it pertains to the scope of default and not to the fact that default occurred. The factual difference also is without materiality or significance as, prior to *Smith,* this Court approved a holding that diligence in obtaining a Statement of Facts in a default judgment case did not require the appealing party to exhaust the provisions of Tex.R.Civ.P. 377(d). An appellant is not required to undertake to agree with an adversary upon the facts adduced at the trial or to rely upon the unaided memory of the trial judge who decided the merits of the case in order to obtain a Statement of Facts. *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525

S.W.2d 312 (Tex.Civ.App.—Dallas 1975, writ ref'd). Therefore the residual and controlling facts in this and *Smith* correspond, and show that in both cases the appealing party was unable to obtain a Statement of Facts from the official court reporter because that court official did not attend the trial of the case.

The Court of Civil Appeals attached controlling significance to a change in the provisions of Tex.Rev.Civ.Stat.Ann. art. 2324 prescribing the duties of official court reporters. At the time *Smith* was written the Article required the official court reporter to attend and report all trials in his court. Effective May 27, 1975, prior to the filing of the present suit, the Article was amended to require the reporter's attendance only when requested. The opinion in *Smith* did not mention or refer to the statute but if the opinion is understood, as the Court of Civil Appeals believed it should be, to rest upon a reporter's duty to attend and report proceedings, such factor is not absent in the case under consideration.

■ Texas Family Code § 11.14(d) requires that a record be made in all suits affecting the parent-child relationship unless waived by the parties with the consent of the court. This provision places a duty on the court to make a record of the proceedings in the same manner as did art. 2324 before its amendment. Although art. 2324 was changed in 1975 to require the making of a record only on request, Texas Family Code § 11.14(d), prescribing that a record be made in parent-child relationship cases, was not so amended.

■ However, the Court of Civil Appeals misapprehends the purport of *Smith* as it rests upon neither Art. 2324 nor Family Code § 11.14(d). The *Smith* opinion applies and reaffirms the rule in *Robinson v. Robinson,* 487 S.W.2d 713 (Tex.1972), that says: ". . . if an appellant exercises due diligence and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no

other way." The facts stated and the previous discussion disclose the conflict of the Court of Civil Appeals decision with *Smith* and that Mr. Rogers' right to proper appellate review, due to no fault on his part, can be preserved only by a new trial.

The judgments of the courts below are reversed and the case is remanded for new trial.