**Maurice DOKE, Petitioner,**

v.

**Marie Jackson Parker DOKE,
Respondent.**

No. 12684.

Court of Civil Appeals of Texas,
Austin.

Feb. 1, 1978.

Rehearing Denied March 1, 1978.

Larry W. Bass, Bass & Bass, Inc., Houston, for petitioner.

Hubert L. Gill, Austin, for respondent.

PHILLIPS, Chief Justice.

This is an appeal by writ of error challenging the validity of a decree of divorce entered on December 2, 1976. The parties are Maurice Doke, respondent below and petitioner herein, and Marie Jackson Parker Doke, petitioner below and respondent herein.

We reverse the judgment and remand the cause for a new trial.

Marie Doke filed a petition for divorce on July 9, 1975. No citation was served upon Maurice Doke. A decree of divorce was entered on November 19, 1975, pursuant to a written agreement between the parties. On December 9, 1975, Marie Doke filed a motion for new trial, complaining of the visitation rights granted to Maurice Doke. A hearing on the motion was set for December 19, 1975. On this same date, Marie Doke filed an amended motion for a new trial. In this motion, she complained about the visitation rights granted to Maurice Doke and the amount of child support payments. After a contested hearing, a new trial was granted based on this latter motion as to all issues except the divorce itself. An order to this effect was entered on December 19, 1975.

Thereafter, on December 31, 1975, the parties filed an agreement wherein they agreed that Marie Doke should be named temporary managing conservator of the minor children and that Maurice Doke should be named temporary possessory conservator, all subject to the approval of the court. It appears that a hearing was then held on November 12, 1976, wherein the court granted the relief that is recited in the divorce decree entered on December 2, 1976, and which is the subject of this appeal. This decree recites that Maurice Doke was not present at the time the hearing was held.

Maurice Doke subsequently requested that a statement of facts be prepared and forwarded to this Court. A court reporter did not attend the proceedings of November 12, 1976, and, consequently, a statement of facts could not be obtained. Maurice Doke also requested that the presiding judge prepare a statement of facts or, in the alternative, that he prepare and file an affidavit stating that he was unable to recall the evidence at the hearing held on November 12, 1976. Neither instrument was filed and, as a result, the record before us does not contain a recitation of the facts adduced at the hearing.

**30**

The judgment of the court below is attacked by various points of error. We will consider only one point, however, because in our view, it disposes of this appeal.

Under his second point, petitioner contends that the judgment of the trial court should be reversed due to his inability to obtain a statement of facts necessary for proper appellate review. We agree with this contention. The record brought forward does not contain a statement of facts. As previously discussed, a court reporter did not attend the proceeding below and record the evidence. Moreover, the record discloses that Maurice Doke exercised due diligence and that he was unable, due to no fault on his part, to obtain a record of the evidence introduced at the hearing. Inasmuch as a statement of facts is not available to determine the correctness of the judgment entered below and because Maurice Doke's right to proper appellate review can be preserved in no other way, the judgment is reversed and the cause is remanded for retrial. *Rogers v. Rogers*, Tex., 561 S.W.2d 172 (Jan. 7, 1978).

The judgment of the trial court is reversed and the cause is remanded for new trial.

Reversed and Remanded.