**Linda MITCHELL, Appellant,**

v.

**Ronnie G. MITCHELL, Appellee.**

**No. 8673.**

Court of Civil Appeals of Texas, Texarkana.

May 8, 1979.

Joe R. Green, Mobley, Green, Harrison & Gardner, Longview, for appellant.

Clifton L. Holmes, Kilgore, for appellee.

CORNELIUS, Chief Justice.

Appellee, Ronnie Mitchell, filed in this proceeding a motion to modify a previous order concerning the custody of his two children. The previous judgment had appointed appellant, Linda Sue Mitchell, the managing conservator of the children. Appellee sought to modify the judgment so that he would be designated managing conservator. A hearing was held on the motion in February of 1978. Both parties and their attorneys were present and the greater part of the evidence relevant to the issue was heard at that time. The trial judge recessed the proceeding in order to secure a Department of Human Resources investigation into the homes of the respective parties, and set the final hearing to consider the report of such investigation for June 21, 1978. On the day prior to the June 21 hearing appellant discharged her attorney. She did not seek a continuance or attempt to secure new counsel, but proceeded to attend and participate in the hearing on June 21. Appellee was present and was represented by counsel. The court considered the report of the investigation and entered its order changing the managing conservator of the children from appellant to appellee. Appellant did not appeal the order on the merits, but through her newly obtained counsel filed a motion for new trial based upon the fact that the court reporter did not attend and make a record of the June 21 proceedings. A record had been made of the first hearing. The trial court held a full hearing on the motion for new trial at which testimony was given by both parties, one of the attorneys, and the court reporter. The trial judge also made several comments concerning his recollection of what transpired at the June 21 hearing with reference to the waiver of a record. At the close of the hearing the motion for new trial was overruled.

It is undisputed that the court reporter did not report the proceedings at the June 21 hearing. Appellee's position is that the making of a record was waived. The order entered after that hearing recites that "the making of a record of testimony was waived by the parties with the consent of the court."

Texas Family Code Ann. § 11.14(d) provides that in all proceedings under the Code "A record shall be made as in civil cases generally unless waived by the parties with the consent of the court." When a party is unable to obtain a statement of facts, and unless the making of a record is waived or its unavailability is otherwise due to the fault or lack of diligence of the complaining party, the case must be reversed and a new trial ordered where the party's right to have the case reviewed on appeal can be preserved in no other way. See *Rogers v. Rogers,* 561 S.W.2d 172 (Tex.1978), and authorities there cited. The appellant here did not appeal directly from the order entered on June 21, but moved in the trial court for a new trial on the ground of the unavailability of a record, and her only point of error in this Court is that the trial court erred in denying that motion. Her right to a new trial as prayed for in the motion necessarily depended upon whether the making of a record of the June 21 hearing was waived by the parties with the consent of the court. To determine that issue, the trial court held a full hearing on the motion. At that hearing more than ample evidence was introduced to establish that both parties had in fact waived the making of a record, and that the court had consented to such waiver. There was direct and positive testimony of such a waiver, and there is no evidence appearing in the record or otherwise presented which indicates the contrary. Indeed, appellant did not specifically deny the fact, but only testi-

fied that she could not remember making any waiver. The evidence produced on a motion for new trial is sufficient to support the trial court's implied finding that the parties waived the making of a record at the June 21 hearing. In such circumstances, the court did not abuse its discretion in overruling the motion for new trial.

The judgment of the trial court is affirmed.