Melinda ROE

v.

Danny DOE.

No. 5525.

Court of Civil Appeals of Texas, Eastland.

Sept. 25, 1980.

Rehearing Denied Nov. 13, 1980.

Martin L. Peterson, McMillan & Lewellen, P.C., Stephenville, for appellant.

Keith Woodley, Sudderth, Woodley & Dudley, Comanche, for appellee.

DICKENSON, Justice.

This is a child custody case. The mother, Melinda Roe, was appointed Managing Conservator of the child, Milissa Doe, when the divorce was granted on January 10, 1974. The child's father, Danny Doe, filed a motion to modify, and citation was served on January 30, 1980. A default judgment was rendered on March 6, 1980, which named the father as Managing Conservator and which named the mother as Possessory Conservator with reasonable rights of visitation. The mother appeals by writ of error. We affirm.

The father argues that we cannot consider the mother's evidentiary points, citing

*McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961), and *Grayson Fire Extinguisher Co., Inc. v. Jackson*, 566 S.W.2d 321 (Tex.Civ.App.–Dallas 1978, writ ref'd n. r. e.).

Chief Justice Calvert stated in *McEwen*, supra 345 S.W.2d at 712:

(If) the invalidity of the judgment is disclosed by the papers on file in the case, he may obtain relief by prosecuting writ of error to a Court of Civil Appeals.

The Dallas Court stated in *Grayson Fire*, supra at 322:

On writ of error, an appellant is limited to showing the invalidity of the judgment by the papers on file in the case.

We are also familiar with Chief Justice Greenhill's statement in *McKanna v. Edgar*, 388 S.W.2d 927, at 928 (Tex.1965), concerning a writ of error from a default judgment, that:

The question to be decided is whether there is a lack of jurisdiction apparent on the face of the record which would vitiate the trial court's judgment.

■ The Beaumont court discussed the "scope of review by writ of error" in *Smith v. Smith*, 535 S.W.2d 380, at 383 (Tex.Civ.App.–Beaumont), *rev'd*, 544 S.W.2d 121 (Tex.1976). Beaumont attempted to follow the reasoning of that line of authority, that such review is limited to showing a lack of jurisdiction, but the Supreme Court chose to follow a different line of authority. Justice Steakley said in the unanimous opinion in *Smith*, 544 S.W.2d 121, at 122:

The writ of error in our practice is but another mode of appeal. *Smith & Janes v. Gerlach*, 2 Tex. 424 (1847). See also *Gunn v. Cavanaugh*, 391 S.W.2d 723 (Tex. 1965).

The Supreme Court ordered a retrial in *Smith,* because of the appellant's inability to procure a statement of facts. We conclude, therefore, that the only reasonable interpretation of that opinion requires an appellate court to test the validity of the judgment by reference to all of the papers on file in the case, including the statement of facts. Consequently, we are not limited to a review of the transcript, and we will pass upon the evidentiary points to see if the statutory requirements were proved in order to establish the validity of the judgment.[1]

■ The mother presents six evidentiary points of error which argue that the trial court erred in changing the custody of the child from the mother to the father because there was no competent evidence, or in the alternative factually insufficient evidence, to establish: (1) a material and substantial change in the conditions of either the minor child or the mother since the previous decree; (2) that the continuance of the mother as managing conservator would be injurious to the child's welfare; and (3) that the appointment of the father as managing conservator would be a positive improvement for the child.

We have reviewed the legally insufficient points under the rule stated in *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex. 1974), and we have reviewed the factually insufficient points under the rule stated by *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). These points of error are overruled. There is evidence, which is legally and factually sufficient, to establish the statutory requirements under Tex.Fam. Code Ann. § 14.08(c)(1) (Vernon Supp.1980) that:

the circumstances of the child or parent have so materially and substantially changed since the entry of the order or decree to be modified that the retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of the new managing conservator would be a positive improvement for the child.

---

1. *Gunn v. Cavanaugh*, 391 S.W.2d 723, at 724 (Tex.1965) also plainly states: "Writ of error affords a review of the same scope as an appeal." See also Appellate Procedure in Texas (Texas Bar Foundation 1979) which states in § 7.2: "A writ of error performs the same function as an appeal in the court of civil appeals. It brings the entire case before the court for review and disposition of all rulings properly assigned therein."

The child's father testified at the nonjury trial on March 6, 1980, that the divorce occurred in 1974 and that his former wife was awarded custody of their child, Milissa, at that time. His former wife has been living with a man "around two years." This is a material change in circumstances. The child's mother and her boyfriend have used marijuana in the child's presence. During 1979 Milissa got sick, while living with the mother, and the father took care of her for several months. After she got well, the mother took the child back. The child has become sick again, and the father does not think his former wife is taking proper care of the child. There is also testimony that while living with her mother, the child had lice in her hair for "a pretty good while." The father testified that his little girl needs his help at this time. The child gets along well with her stepmother, her stepsister, and her half sister.

The child's stepmother joined in the request that the child's father be named managing conservator. She said she would cook the food, keep Milissa's clothes clean, and give her a feeling of love and security.

The only other point of error was not contained in the petition for writ of error, and not being fundamental error, it is not properly before us. It is, therefore, overruled.

The judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING

■ Appellant's counsel has convinced us that we should discuss the seventh point of error. Even though it was not stated in the petition for writ of error, we conclude that it is properly before us for decision. Tex.R. Civ.P. 360 lists the requirements of a petition for writ of error as follows:

The petition shall state the names and residences of the parties adversely interested, shall describe the judgment with sufficient certainty to identify it, and shall state that he (or she) desires to

remove the same to the Court of Civil Appeals for revision and correction.

The petition in this case meets these requirements. Since the rule does not require the petition to set forth the errors of which complaint is made, we hold that all points of error which are properly briefed may be considered.

■ The seventh point argues that the trial court erred in conducting a hearing on the motion to modify without giving appellant at least 30 days' notice of the hearing. This point must be overruled for two reasons. First, the error is not apparent from the face of the record and is not disclosed by the papers on file in the case. *Smith v. Smith*, 544 S.W.2d 121, at 123 (Tex.1976). Second, the 30 day notice requirement of Tex.Fam.Code Ann. § 14.08(b) (Vernon Supp.1980)[2] is not a mandatory jurisdictional requirement. The citation was personally served on Melinda Roe on February 1, 1980. She was in default when the motion was heard on March 6, 1980. We hold that in order to be "entitled to at least 30 days' notice of a hearing", a party must respond to the citation's command. If no appearance is made, this requirement is waived.

The motion for rehearing is overruled.

---

**2.** Section 14.08(b) provides: "Each party whose rights, privileges, duties, or powers may be affected by the motion to modify is entitled

to at least 30 days' notice of a hearing on the motion to modify."