**Sherry Paulette VICK, Appellant,**

v.

**Joe Gilford VICK, Appellee.**

**No. 1499.**

Court of Appeals of Texas, Tyler.

Nov. 30, 1981.

William F. Neal, Dallas, for appellant.

Floyd A. Blackwell, Garland, for appellee.

McKAY, Justice.

This is an appeal by writ of error to set aside a default judgment which modified a previous order affecting the parent-child relationship.

Appellant Sherry Paulette Vick and appellee Joe Gilford Vick were divorced in September, 1975, and appellant was appointed managing conservator of their small daughter, Jennifer Michelle Vick, while appellee was appointed possessory

conservator. On February 15, 1980, appellee filed a motion to modify a previous order affecting the parent-child relationship, and appellant was served with citation. No answer was filed by appellant, and the trial court on April 2, 1980, after a hearing, signed an order modifying the previous order by removing appellant as managing conservator and appointing appellee as such, and appointing appellant possessory conservator.

The motion to modify alleged the circumstances had so materially and substantially changed since the entry of the order to be modified that the retention of the present managing conservator would be injurious to the welfare of the child in that the child's environment might endanger her physical health or significantly impair her emotional development.

The last page of appellee's motion to modify contained a fiat signed by the trial judge setting a hearing on the motion for June 10, 1980. However, this fiat was scratched out by oval marks of handwriting.

On May 30, 1980, appellant filed a petition for writ of error in which she alleged she did not participate either in person or by counsel in the actual trial or hearing whereby she was removed as managing conservator of the child. On the same date she filed a Motion to Suspend Order alleging that she was served with citation on February 21, 1980, and she then engaged the services of Bill F. Davis, an attorney of Dallas, to represent her in defense of the appellee's motion to modify. Appellant further alleged that she did not receive notice of a hearing on appellee's motion to modify, nor did she receive a copy of the modification order, and that she became aware that such order had been made by being informed of its existence by appellee in a telephone conversation. There is no record of any action by the trial judge on appellant's Motion to Suspend Order.

Appellant first complains that the trial court erred in granting the modification order by default for the reason that a default cannot be granted on a motion to modify pursuant to Section 14.08 of the Texas Family Code without providing thirty days notice. This section provides in part: [1]

(a) A court order or the portion of a decree that provides for the support of a child or the appointment of a conservator or that sets the terms and conditions of conservatorship for, support for, or access to a child *may be modified only by the filing of a motion in the court having jurisdiction* of the suit affecting the parent-child relationship. Any party affected by the order or the portion of the decree to be modified may file the motion.

(b) Each party whose rights, privileges, duties, or powers may be affected by the motion *is entitled to at least 30 days notice of a hearing on the motion to modify.*

(c) *After a hearing, the court may modify an order or portion of a decree that:*

(1) designates a managing conservator if the circumstances of the child or parent have so materially and substantially changed since the entry of the order or decree to be modified that the retention of the present managing conservator would be injurious to the welfare of the child and that the appointment of the new managing conservator would be a positive improvement for the child; (Emphasis added).

Section 11.09(a) provides that in a suit affecting the parent-child relationship the managing conservator, the possessory conservator and other parties there named, are entitled to service of citation on the filing of a petition. Section 11.09(c)(1) provides (except in a suit in which termination of the parent-child relationship is sought) that "*citation on the filing of a petition in a suit affecting the parent-child relationship or notice of a hearing shall be issued and served as in other civil cases except that citation or notice may be given by registered or certified mail, return receipt requested. . . .*" This section further pro-

---

**1.** Citations are to Tex. Family Code Ann. (Vernon Supp. 1975) unless otherwise indicated.

vides that in such cases the clerk shall mail the citation and a copy of the petition to the person to be notified and the return receipt shall be sufficient proof of service. Citation by publication as in other civil cases is also authorized.

We have not been cited any decision of the courts of Texas which addresses the precise question here presented, nor have we found one. *Grasz v. Grasz,* 608 S.W.2d 356, 357–58 (Tex.Civ.App.—Dallas 1980, no writ) holds that citation must be issued and served in accord with the provision of Section 11.09 upon any person required by law or court order to support a child *when a petition is filed* affecting the parent-child relationship, and that formal citation and notice are not synonymous.

We agree with *Grasz* that citation must be issued and served on those parties named in § 11.09(a) *upon the filing of a petition* in a suit affecting the parent-child relationship. In the instant case the proceeding was begun by filing what is styled "Motion to Modify in Suit Affecting the Parent-Child Relationship." There was a citation issued and served upon the appellant here after the filing of the motion, but there was no notice of a hearing given to appellant as provided by Section 14.08(b). We hold that it was reversible error for the trial court to hear the motion to modify without the record affirmatively showing that the managing conservator was properly notified of the time and place of the hearing at least thirty days prior to the hearing.

Since Section 11.09(c)(i) provides that upon the filing of a petition in a suit affecting the parent-child relationship *citation or notice of a hearing* shall be issued and served as in other cases except that citation or notice shall be given by registered or certified mail, return receipt requested, we hold that notice of a hearing to modify must be given thirty days (30) before such hearing as provided in Section 14.08(b) in the same manner as provided for in Section 11.09(c)(i). In our view notice of a hearing to modify an order affecting a parent-child relationship should not be made in an unreliable or unsatisfactory manner, and there should be a specific rule for such notice to be made.

We do not reach appellant's other points.

There having been no notice given to appellant of the hearing on the motion to modify, the judgment of the trial court is reversed and the cause is remanded to that court.