Kim Burt HAWKINS, Appellant,

v.

Tressa Ann Powell HAWKINS, Appellee.

No. 1485.

Court of Appeals of Texas, Tyler.

Dec. 17, 1981.

Tom Tatum, Whitehouse, for appellant.

Ardon Moore, Tyler, for appellee.

## OPINION

SUMMERS, Chief Justice.

This is an appeal from a judgment granting a divorce and awarding custody of a minor child to the mother and the personal property to the party in possession.

Kim Hawkins, the father and appellant herein, was ordered to pay $175.00 per month as child support. Mr. Hawkins signed a waiver [1] entering his appearance for all purposes and waiving service of citation and further notice as provided by Tex. R.Civ.P. 119.

Appellant appeals, complaining in a single point of error that the trial court erred in failing to require that a record be made of the trial proceeding. We agree.

The judgment of the court recites that the appellant waived service of citation and notice of hearing and did not "make his appearance or answer herein." The judgment further recites that the court heard evidence.

The official court reporter's affidavit is in the record stating that she made no record of the trial proceedings and therefore cannot prepare a statement of facts.

Texas Family Code § 11.14(d) requires that a record be made in all suits affecting the parent-child relationship as in civil cases generally unless waived by the parties with consent of the court. This provision places a duty on the court to make a record of the proceedings in the same manner as did Tex. Rev.Civ.Stat.Ann. Art. 2324 before its amendment. *Rogers v. Rogers*, 561 S.W.2d 172, 173 (Tex.1978).

If an appellant exercises due diligence and through no fault on his part is unable to procure a proper record of the evidence, a new trial should be granted in order to preserve his right to review. *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.*, 525 S.W.2d 312, 314 (Tex.Civ.App.—Dallas 1975, writ ref'd); *Smith v. Smith*, 544 S.W.2d 121, 123 (Tex.1976); *Robinson v. Robinson*, 487 S.W.2d 713, 715 (Tex.1972).

Moreover, if the appellant was not present and was not represented by counsel when the testimony was taken, and he later discovers no record was made, the lack of a record cannot reasonably be waived. *Morgan Express, supra*, at 314. In *Rogers v. Rogers, supra*, at 173, the court stated that in such cases:

"An appellant is not required to undertake to agree with an adversary upon the facts adduced at the trial or to rely upon the unaided memory of the trial judge who decided the merits of the case in order to obtain a Statement of Facts."

We hold that appellant's waiver herein did not waive the record required by § 11.14(d) of the Family Code. Contrary to appellee's contention, "to enter my appearance in said cause for all purposes," as stated in the waiver, did not constitute a waiver of the record. Furthermore, since the appellant was not present in person or by counsel, he could neither request, nor object to the failure of, the court to make a record of the trial proceedings.

Accordingly, we find that appellant, has exercised diligence and through no fault of his own, is unable to procure a statement of facts and that his right to have the case reviewed on appeal can be preserved to him in no other way than a reversal and retrial of the case.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

1. The waiver, in pertinent part, read as follows:
   I, hereby enter my appearance in said cause for all purposes, waive the issuance, service and return of the citation upon me, and agree that said cause may be taken up and considered by the Court without further notice to me at any time after the expiration of sixty (60) days from the date of filing the Petitioner's Original Petition.