**Ruth Yvonne STUBBS, Appellant,**

v.

**Bernald Ross STUBBS, Appellee.**

**No. 05–83–00541–CV.**

Court of Appeals of Texas, Dallas.

Aug. 9, 1983.

James J. Hartnett, Dallas, for appellant.

David A. Jaynes, Irving, Stephen Shoultz, Charles H. Robertson, Dallas, for appellee.

Before GUITTARD, C.J., and AKIN and CARVER, JJ.

GUITTARD, Chief Justice.

Appellant Ruth Yvonne Stubbs seeks review by writ of error of a judgment granting a divorce to her husband, appellee Bernald Ross Stubbs. We have previously issued an opinion holding that appellant did not participate in the trial below within the meaning of Tex.Rev.Civ.Stat.Ann. art. 2249a (Vernon Supp.1982–1983) and was not barred from proceeding by writ of error. *See Stubbs v. Stubbs,* 654 S.W.2d 838 (Tex. App.—Dallas, 1983). Appellee has now filed a motion in this court to modify the divorce decree, specifically the portion concerning access to the minor child. We dismiss the motion on the ground that we lack authority to take such action.

Appellee initially filed his motion to modify in the district court. *See* Tex.Fam.Code Ann. § 14.08 (Vernon Supp.1982–1983). He alleges that the district court declined to modify the order on the ground that only this court can modify the decree while it is on appeal. Consequently, he urges this court to entertain his motion to modify.

We conclude that our appellate jurisdiction does not extend to modification of an order appealed from on grounds arising since the order was issued. Consideration of such a motion would impair our authority to review the original order, since any new order would render the earlier order moot. Also, we would be assuming original jurisdiction to hear evidence and find facts, a function beyond the appellate process and one that we are poorly equipped to perform. In order to obtain a modification of the order, the movant must establish by pleadings and evidence a material and substantial change of circumstances as to the child or any person affected by the order since rendition of the judgment and also that modification would be in the best interests of the child. *Little v. Little,* 590 S.W.2d 620, 623 (Tex.Civ.App.—Austin 1979, no writ). We have no authority to make original findings of fact in cases on appeal; we can only "unfind" facts. *City of Beaumont v. Graham,* 441 S.W.2d 829, 832–833 (Tex. 1969).

The policy embodied in the Family Code is that a motion to modify should be heard by the family district court judge who is in the best position "to determine the extent and duration of access privileges that will be in the best interest of the child." *Little,* 590 S.W.2d at 624. This determination should not be made by an appellate court.

In support of our authority to consider the motion, appellee cites *Ex parte Boniface,* 650 S.W.2d 776 (Tex.1983), in which the Supreme Court recently held, following earlier authority, that pending an appeal, the appellate court rather than the trial court, has exclusive jurisdiction to enforce the order appealed from and for that purpose may refer the matter of hearing evidence to the trial court. We see a distinction between enforcing the order appealed from and modifying the order. An order of contempt would not impair the appellate court's decision of the ultimate matter to be decided, the correctness of the order appealed from. The appellate court's power to modify the order is limited to grounds presented in briefs and supported by the record made in the trial court. It does not extend to revision of the order on grounds not presented in the trial court.

We recognize that pending appeal, the district court has no jurisdiction to consider a motion to modify. The trial judge gener-

ally has no jurisdiction to vacate or change a judgment once the case has been appealed; the appellate court has plenary jurisdiction over the matter. *Carrillo v. State,* 480 S.W.2d 612, 616 (Tex.1972); *Ammex Warehouse Co. v. Archer,* 381 S.W.2d 478, 482 (Tex.1964).

Accordingly, it appears that appellee may not be able to present his motion to modify until disposition of the appeal. In some cases this result may work hardship if the appeal is heard in the normal course. The remedy is acceleration of the appeal. Here appellant has moved to accelerate, but appellee, though seeking early relief by his motion to modify, has opposed acceleration. In view of the circumstances, we have granted the acceleration and have directed our clerk to set the appeal for submission at the earliest available date.

Motion to modify dismissed.