April Ann O'CONNELL, Appellant,

v.

Edwin O'CONNELL, Appellee.

No. 01–83–0049–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 27, 1983.

Thomas E. Lucas, Houston, for appellant.

R. Paxton Lowery, Houston, for appellee.

Before WARREN, DUGGAN and DOYLE, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from a default judgment which modified a previous order affecting the parent-child relationship.

At the time the divorce was granted in 1976, the court awarded the custody of the two children to the mother. In September, 1978, upon the motion of the father, the court modified the first order and awarded the custody of the children to the father. No child support was provided in this second order. Three years later in May, 1981, the father sought modification of the second order, this time asking the court to require the mother to pay child support. The motion to modify for support was duly served upon the mother who allegedly mailed her answer to the court and a copy of it to the father's attorney who acknowledged receipt. Such answer apparently never reached the court and appears nowhere in the record.

Nothing further happened until January, 1982, when the appellee sent written interrogatories to the appellant's attorney. No response was ever made by the appellant to the written interrogatories, and, on July 13, 1982, the appellee filed a motion for sanctions asking the court to strike the appellant's pleadings and enter a default judgment. On July 14, the court set the date of August 4 for hearing the motion for sanctions. No response to the motion for sanctions was made by the appellant. At the hearing on August 4, the court modified its prior order to provide that the appellant should pay support to the appellee for the children. Neither the appellant or her attorney were present at the hearing, nor was any record made of the proceedings. The appellant filed a motion for rehearing alleging that because she had moved and the post office had misrouted her mail, she had not received any written interrogatories and, also that she had no notice of the hearing on the motions for modification for support and sanctions. The court denied this motion.

■ By two points of error, the appellant first argues that the trial court erred, as a matter of law, by hearing and granting the appellee's motion to modify for support in a suit affecting the parent-child relationship, without the appellant's having been provided at least thirty days' notice as required by § 14.08(b) of the Tex.Fam.Code which states in relevant parts:

§ 14.08. Modification of Order

(a) A court order or the portion of a decree that provides for the support of a child or the appointment of a conservator or that sets the terms and conditions of conservatorship for, support for, or access to a child may be modified only by the filing of a motion in the court having jurisdiction of the suit affecting the parent-child relationship...

(b) Each party whose rights, privileges, duties, or powers may be affected by the motion is entitled to at least 30 days' notice of a hearing on the motion to modify.

It is undisputed that the appellant received the motion to modify the child support provisions of the court's decree, but that motion had no hearing date on it. There is nothing in the record to show that a hearing date was ever set on the motion to modify child support. The order setting for August 4, 1982, for a hearing on the appellee's motion for sanctions, provided read:

### ORDER

On this day came on for consideration the foregoing Motions for Sanctions and the court being of the opinion Movant is entitled to the relief requested. It is hereby ordered that Respondent appear on August 4, 1982 at 9:30 o'clock a.m. or as soon thereafter as may be heard, to show cause why the sanctions prayed for in the foregoing Motion should not be granted. Signed___July 14___, 1982.

Brent L. Burg<br>Presiding Judge

The record is silent as to what happened to the motion for sanctions. It appears that on August 4 the court proceeded to hear and consider the motion to modify for support and it signed the order modifying its prior order on August 10.

On its face the record shows that only 21 days elapsed between the date the court signed the order for hearing on July 14, and the date of the hearing on August 4. We are assuming this to be the date on which the motion to modify for support was held since no other hearing date is mentioned in the record. This failed to give the appellant the 30 days notice required by § 14.-08(b).

■ The use of the words "is entitled to" in this section seems to imply a mandatory notice period. In *Vick v. Vick*, 626 S.W.2d 569 (Tex.Civ.App.-Tyler 1981, no writ), this language was interpreted as requiring notice of the "time and place of the hearing at least thirty days prior to the hearing." In that case, a motion to modify for custody had been filed and the non-movant was served with citation, but neglected to file an answer. The trial court held a hearing

on appellee's motion, without requiring any notice to the non-movant. On appeal, the court ruled that "it was reversible error for the trial court to hear the motion to modify for custody without the record affirmatively showing that the managing conservator was properly notified of the time and place of the hearing at least 30 days prior to the hearing."

Basing its opinion on Tex.Fam.Code § 11.09(c)(i) which provides that "upon the filing of a petition in a suit affecting the parent-child relationship, citation or notice of hearing shall be issued and served as in other cases . . .," the court held ". . . notice that of a hearing to modify must be given thirty days before such hearing as provided in § 14.08(b) in the same manner as provided for in § 11.09(c)(i)."

The appellee claims that *Roe v. Doe,* 607 S.W.2d 602 (Tex.Civ.App.—Eastland 1980, no writ), is controlling authority for his contention that since the appellant received service of citation upon the filing of the motion, but failed to respond to the citation's command, she is not entitled to receive thirty days notice. The *Roe* case is distinguishable on its facts. The court in *Roe* held that it was not apparent from the face of the record, and was not disclosed by the papers on file in the case that the hearing was held without the movant giving the required 30 days' notice. In our case, the papers on file in the record show that the hearing was held prior to the giving of 30 days' notice. The court in *Roe* also concluded that the 30 day notice requirement of § 14.08(b) was not a mandatory jurisdictional requirement, and that by not responding to the citation, the non-movant waived notice of the hearing. No authority is given in *Roe* for this conclusion and we can find no later cases supporting it. We are persuaded to follow the rationale and holding set forth in *Vick,* and we sustain the appellant's first point of error.

By her second point of error the appellant contends that the trial court erred, as a matter of law, by not requiring the court reporter to make a record of the August 4, 1983 hearing on appellee's modification motion seeking to require the appellant to pay child support. The appellant argues that she did not waive the making of the record and that, as a result of the court's omission, she is not able to have the case reviewed on appeal. The appellant relies on *Rogers v. Rogers,* 561 S.W.2d 172 (Tex.1978); *Robinson v. Robinson,* 487 S.W.2d 713 (Tex.1972); and *Hawkins v. Hawkins,* 626 S.W.2d 332 (Tex.Civ.App.—Tyler 1981, no writ).

The court has a duty to make a record in all suits affecting the parent-child relationship, unless such record is waived by the parties with the consent of the court. Tex.Fam.Code § 11.14(d); *Rogers, supra.* A party may waive the making of a record by express written agreement, or by not objecting to the lack of record during the hearing. However, if the "appellant was not present and was not represented by counsel when the testimony was taken, and he later discovers no record was made, the lack of record cannot easily be waived." *Hawkins, supra.* In *Rogers,* the appellant brought a writ of error from a default judgment in a divorce and child custody suit. The appellant could not obtain a statement of facts because the court reporter had not made a record of the trial court's proceedings. The Texas Supreme Court held that appellant's right to proper appellate review can be preserved only by a new trial. The Court based its holding on the rule stated in *Robinson, supra.*

> . . . [I]f an appellant exercises due diligence, and through no fault of his own is unable to obtain a proper record of the evidence introduced, this may require a new trial where his right to have the case reviewed on appeal can be preserved in no other way.

The *Hawkins* case, citing both *Rogers* and *Robinson,* held that Texas Family Code § 11.14(d) places a duty on the court to make a record in suits affecting the parent-child relationship "in the same manner as did Tex.Rev.Civ.Stat.Ann. art. 2324 before its amendment." In *Hawkins,* the appellant had signed a waiver entering his appearances for all purposes, and waiving service of citation in a suit for divorce and

custody of appellant's children. The court found that the waiver of citation signed by appellant did not constitute an express waiver of the record required by § 11.14(d) because the appellant was not present in person or by counsel at the trial and, therefore, could neither request, nor object to the court's failure to record the proceedings.

The appellee argues that the appellant must show that her inability to obtain a statement of facts was due to no negligence or fault of her own and that no reporter was present and recorded the proceedings as was pointed out by the courts in *Miller v. Miller,* 569 S.W.2d 592 (Tex.Civ.App.—San Antonio 1978, no writ) and *Givens v. Givens,* 616 S.W.2d 450 (Tex.Civ.App.—Houston [14th Dist.] 1981, no writ). The court reporter's affidavit in the record before us reveals that Edna Hipp was the official court reporter for the 309th District Court of Harris County, Texas, on August 4, 1982 and that no record was made of the testimony of the August 4, 1982 hearing involving the O'Connell minor children. *Givens, supra,* is clearly not applicable because the appellant therein signed a waiver of the record and the court stated that she should not later "be heard to complain that such waiver is not binding upon her."

The appellee also urges that the appellant should be required to attempt to obtain a statement of facts pursuant to the Texas Rules of Civil Proc. 377 and 378. The Supreme Court also addresses this point in *Rogers,* stating that:

> ... diligence in obtaining a Statement of Facts in a default judgment case did not require the appealing party to exhaust the provisions of Tex.R.Civ.P. 377d. An appellant is not required to undertake to agree with an adversary upon the facts adduced at the trial or to rely upon the unaided memory of the trial judge who decided the merits of the case, in order to obtain a Statement of Facts. (citations omitted)

In the case before us, we conclude the appellant's inability to obtain a proper record for appellate review was not due to any fault on her part and she is entitled to a new trial. We sustain her second point of error.

The judgment of the trial court is reversed and the case is remanded for a new trial.