**Ruth Yvonne STUBBS, Appellant,**

v.

**Bernard Ross STUBBS, Appellee.**

**No. 05–83–00541–CV.**

Court of Appeals of Texas, Dallas.

March 27, 1984.

Rehearing Denied May 1, 1984.

James J. Hartnett, Dallas, for appellant.

Stephen W. Shoultz, Charles H. Robertson, Dallas, for appellee.

Before AKIN, ALLEN and STEWART, JJ.

STEWART, Justice.

Ruth Yvonne Stubbs appeals by writ of error from a divorce decree incorporating an agreement incident to divorce regarding the division of property and conservatorship and support of a minor child. Conservatorship issues were not raised in this appeal. Mrs. Stubbs contests the lack of a record at the divorce hearing and the incorporation of the property agreement into the divorce decree. Because we agree that the record was not properly waived, we reverse and remand this cause to the trial court for a new trial.

In anticipation of divorce, Dr. and Mrs. Stubbs signed a property settlement agreement prepared by Dr. Stubbs' attorney. Mrs. Stubbs also signed a waiver of citation. At the hearing, Dr. Stubbs appeared with his attorney, but Mrs. Stubbs did not appear in person or by attorney. The official court reporter did not attend or report the trial court proceedings. Having heard the evidence, the trial judge entered her decree of divorce, in which she adjudicated conservatorship and support of the child and division of the property of the parties by incorporating their settlement agreement into the decree. Mrs. Stubbs now

claims that she did not have knowledge of all material facts regarding the size of the marital estate at the time she signed the agreement. She contends that the trial court erred by allowing the record to be waived, by awarding only $300.00 per month child support, and by approving and incorporating the property settlement agreement.

Dr. Stubbs filed a motion to dismiss the writ of error, contending that Mrs. Stubbs had participated in the trial by signing a waiver of citation and an agreement incident to divorce. This court denied that motion in 654 S.W.2d 838 (Tex.Civ.App.—Dallas 1983, no writ).

Dr. Stubbs subsequently filed a motion to modify the portion of the divorce decree concerning access to the minor child. This motion was dismissed for lack of jurisdiction in 657 S.W.2d 10 (Tex.Civ.App.—Dallas 1983, no writ).

Dr. Stubbs now asserts that Mrs. Stubbs is estopped from appealing this judgment because she has already accepted certain benefits with regard to the division of property. He relies on *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950), for the proposition that a litigant cannot treat a judgment as both right and wrong. We disagree with his limited reading of the *Carle* opinion.

■ *Carle* also holds that, "where an appellant accepts only that which appellee concedes, or is bound to concede, to be due him under the judgment, he is not estopped to prosecute an appeal which involves only his right to further recovery." *Id.* 234 S.W.2d at 1004. We agree that, by accepting approximately $3,000 per month, Mrs. Stubbs accepted the benefits of owning a forty per cent interest in an apartment complex that she received under the property agreement and that she sold to Dr. Stubbs after the divorce was granted, pursuant to their pre-arranged, oral agreement. This court has previously held that a spouse should not be estopped from appealing an award pursuant to a divorce unless the other spouse would be prejudiced by the appeal to the extent that the

wrong could not be remedied upon retrial or the appealing spouse has clearly acquiesced in the judgment. *Haggard v. Haggard*, 550 S.W.2d 374, 376 (Tex.Civ.App.—Dallas 1977, no writ). Neither party contends that the apartment complex is not community property or that the wife would not be entitled to at least forty percent of it. We fail to see how this appeal could affect her right to this benefit or prejudice any rights of Dr. Stubbs upon remand. Therefore, we hold that Mrs. Stubbs is not estopped from this appeal by her acceptance of the monthly payments.

■ In order to prosecute a writ of error, four elements are necessary: "(1) it must be brought within six months of the date of the judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) error must be apparent from the face of the record." *Brown v. McLennan County Children's Protective Services*, 627 S.W.2d 390, 392 (Tex.1982). The first three requirements have been met. In *Stubbs*, 654 S.W.2d at 840, we held that TEX.REV.CIV.STAT.ANN. art. 2249a (Vernon Supp.1982–1983) "expressly declares that only those who participate in the actual trial of the case will be barred from appealing by writ of error." The question now before us is whether error appears "on the face of the record."

In her first two points of error, Mrs. Stubbs contends that the trial court erred in not requiring a record to be made and in allowing the making of the record to be waived by Dr. Stubbs alone because a record is required under TEX.FAM.CODE ANN. § 11.14(d) (Vernon 1975) unless waived by all parties to the suit. Thus, the lack of a statement of facts is error on the face of the record. We agree.

■ Under some circumstances, a judgment appealed by writ of error may be reversed merely by showing that the appellant has been deprived of a statement of facts. *Muldoon v. Musgrave*, 545 S.W.2d 539 (Tex.Civ.App.—Fort Worth 1976, no writ); *see also Rogers v. Rogers*, 561 S.W.2d 172 (Tex.1978); *Smith v. Smith*,

544 S.W.2d 121 (Tex.1976); *Hawkins v. Hawkins,* 626 S.W.2d 332 (Tex.Civ.App.— Tyler 1981, no writ); *Morgan Express, Inc. v. Elizabeth-Perkins, Inc.,* 525 S.W.2d 312 (Tex.Civ.App.—Dallas 1975, writ ref'd). The court in *Robinson v. Robinson,* 487 S.W.2d 713, 715 (Tex.1972), held that, if appellant has exercised due diligence and, through no fault of his own, is unable to procure a statement of facts, his right to have the case reviewed on appeal can be preserved in no other way than a reversal and retrial of the case.

■ Furthermore, under TEX.FAM. CODE § 11.14(d), the making of the record is mandatory in suits affecting the parent-child relationship. The supreme court explained Section 11.14(d) in *Rogers v. Rogers,* 561 S.W.2d 172 (Tex.1978), stating:

> Texas Family Code § 11.14(d) requires that a record be made in all suits affecting the parent-child relationship unless waived by the parties with the consent of the court. This provision places a duty on the court to make a record of the proceedings in the same manner as did art. 2324 before its amendment. Although art. 2324 was changed in 1975 to require the making of a record only on request, Texas Family Code § 11.14(d), prescribing that a record be made in parent-child relationship cases, was not so amended.

*Id.* at 173. TEX.REV.CIV.STAT.ANN. art. 2324 (Vernon 1971), before the 1975 amendments, placed an affirmative duty on the trial court to make a record of the proceedings. *Morgan Express,* 525 S.W.2d at 315. But Dr. Stubbs argues that, because Section 11.14(d) applies only to proceedings in suits affecting the parent-child relationship governed by Title II of the Family Code, this section is inapplicable to that portion of the proceedings concerning the property division governed by the provisions of Title I of the Code. He maintains that, if violation of Sec. 11.14(d) is reversible error, only the child support award should be reversed since it is only the "Title II" issue that is in contention. We cannot agree.

■ Dr. Stubbs was required to include a suit affecting the parent-child relationship in his divorce case under the mandate of TEX.FAM.CODE ANN. § 3.55(b) (Vernon 1975). Further, TEX.FAM.CODE ANN. § 3.63(a) (Vernon Supp.1982–1983) requires that the court consider the rights of the children as well as the parties in dividing the estate. In construing these sections, we conclude that the Legislature intended the issues of divorce and property division to be considered in conjunction with the conservatorship and support of the children. Since all of these issues are ordinarily tried together and since a given set of facts often relates to more than one issue, it would be an impossible task during a trial for the court to determine which portions of the evidence required the attendance of a court reporter under Section 11.14(d) and which portions did not. Therefore, we hold that, when a suit for divorce includes a suit affecting the parent-child relationship, Section 11.14(d) places an affirmative duty on the trial court to make a record of the entire proceeding unless waived by all parties to the suit with the consent of the court.

■ Nevertheless, Dr. Stubbs claims that no statement of facts was required in this case because the decree states that "[t]he making of a record of testimony was waived by the parties with the consent of the Court." He further asserts that the waiver of citation, together with the settlement agreement signed by Mrs. Stubbs, constituted an implied waiver. On the other hand, it is uncontroverted that neither Mrs. Stubbs nor an attorney representing her was present before the court at the trial. Under these circumstances, Mrs. Stubbs could neither request nor object to the failure of the court to make a record of the trial proceedings. *Morgan Express,* 525 S.W.2d at 314. Thus, the statement in the divorce decree, that the record was waived by the parties, is a nullity. Furthermore, the words in the waiver of citation, "to enter my appearance in said cause for all purposes," do not constitute a waiver of the record. *Hawkins,* 626 S.W.2d at 333. Consequently, we hold that Mrs.

Stubbs did not waive the making of a record in this case.

Dr. Stubbs further contends that the record in the instant case supports the judgment without a statement of facts and cites Brown, 627 S.W.2d at 394:

> Where the record supports the judgment in the absence of a statement of facts, it is incumbent upon the party alleging error to show that such a statement of facts was necessary.

Dr. Stubbs claims that Mrs. Stubbs has failed in her burden to show necessity for a statement of facts. We disagree.

We distinguish Brown because there the court had before it an irrevocable affidavit relinquishing parental rights. The court concluded that it was the intent of the Legislature to make such affidavit alone sufficient evidence on which the trial court could make a finding that termination was in the best interest of the child and, therefore, that the affidavit and the agency's petition supported the judgment without a statement of facts. Under these facts, the court held that the mother must show the necessity for a statement of facts before the lack thereof would constitute an error on the face of the record. The court then stated:

> To show the necessity of a statement of facts, it was Brown's burden to show that the irrevocable affidavit was obtained by fraud, misrepresentation or overreaching. *Brown has never made any such allegation or asserted any other wrongful act.* Her sole reason to set aside the Decree of Termination was because she simply changed her mind.

*Id.* (emphasis added). Although an appellant ordinarily cannot raise defensive grounds for the first time in the appellate court, both the court of appeals and the supreme court in Brown seem to require it in order to prove the necessity for a statement of facts under the circumstances of that case. The court of appeals noted in its opinion:

> *In her petition for writ of error,* Appellant alleged no grounds for setting aside

or revoking the affidavit except that apparently she had changed her mind. *Brown v. McLennan County Children's Protective Services,* 616 S.W.2d 699, 701 (Tex.Civ.App.—Waco 1981), *aff'd,* 627 S.W.2d 390 (Tex.1982) (emphasis added).

■ In contrast, in Mrs. Stubbs' petition for writ of error here, she has alleged fraud and misrepresentation by Dr. Stubbs in procuring her consent to the property division and child support award contained in the agreement. Assuming, without deciding, that the agreement and the original petition for divorce constitute the record which supports the judgment in this case in the absence of a statement of facts, we nevertheless hold that Mrs. Stubbs has met her burden to show a necessity for the statement of facts under the guidelines of the Brown decision by her allegations of fraud and misrepresentation on the part of her husband. Therefore, the failure to make a record of the proceedings in the trial court constitutes error on the face of the record. Points of error one and two are sustained.

Because we reverse on other grounds, we need not reach points of error three and four in which Mrs. Stubbs contends that the trial court abused its discretion by incorporating into its decree a property division which on its face was not just and right. Accordingly, we reverse and remand those portions the judgment that adjudicate the property rights of the parties and the amount of child support to be paid by Dr. Stubbs. In all other respects, the judgment is affirmed. Costs assessed to appellee.