**Theresa BAKER, Appellant,**

v.

**Robert L. ERICSSON, Appellee.**

**No. 08–84–00423–CV.**

Court of Appeals of Texas, El Paso.

April 10, 1985.

Ann Crawford McClure, El Paso, for appellant.

Peter S. Peca, Jr., El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

Theresa Baker, the mother of Misty Ericsson, age eight, appeals from a judgment changing the custodial rights and responsibilities of such child to her father. We affirm in part and reverse in part.

Most cases involving custody of children present hard and difficult issues for determination by the trial and appellate courts. This case has been no exception. Robert and Theresa were married in August, 1976, when he was nineteen years old and she was sixteen years old. Their daughter, Misty Ann, was born February 24, 1977, and the parties were divorced in October, 1978. Theresa was named managing conservator. At the time of the divorce, Robert was in the Army. Robert and Theresa lived with his parents at the time Misty was born and she and her daughter continued to live there when Robert was transferred overseas. At the time of the divorce, she was living with her father, Walter Abourezk, and her stepmother, Tracy Abourezk. For most of the last five or six years Misty has been raised and cared for primarily by Tracy Abourezk. Some of the time Theresa lived in the home with her father and stepmother and at other times she had her own apartment. She has subsequently remarried and is now Theresa Baker. Robert lives with his parents and is a student in college.

Robert filed a petition to terminate the parental rights of Theresa on January 14, 1983, and asked to be named managing conservator. In the alternative he sought to modify the divorce decree and be named managing conservator. In February, 1983, Robert filed another motion to modify the prior order which dealt primarily with his visitation rights. The case was specially set for trial several months before the trial date of September 4, 1984. On August 27, 1984, Tracy Abourezk filed a Plea in Intervention alleging that she had cared for and reared Misty for the past seven years and sought to be named managing conservator. On August 30, 1984, Robert filed his first amended motion to modify and opposition to the Plea in Intervention.

Following a lengthy hearing on September 4, 1984, the trial court struck the Plea in Intervention. *See:* Rule 60, Tex.R.Civ.P. The case then proceeded to trial with only

the two parents as litigants. The jury found that since the entry of the divorce decree the circumstances of (1) Misty, (2) Theresa, and (3) Robert have materially and substantially changed; (4) that retention of Theresa as managing conservator would be injurious to Misty; (5) that the appointment of Robert as managing conservator would be a positive improvement for the child; (6) that Theresa voluntarily relinquished possession and control of Misty for more than twelve months and (7) that the appointment of Robert as managing conservator would be in the best interest of Misty. The trial court entered judgment naming Robert as managing conservator and both Theresa and her parents as possessory conservators. Pursuant to Sec. 11.19 of the Texas Family Code, the trial court suspended execution for thirty days. After hearing arguments on a motion filed in this Court, this Court continued the suspension pending our disposition of the appeal.

■ Theresa asserts in her first point of error that the trial court erred in denying the Plea in Intervention filed by Misty's stepgrandmother. At the hearing on the pleading to strike the intervention, the trial court, in reliance upon the holdings in *O'Connell v. O'Connell*, 661 S.W.2d 261 (Tex.App.—Houston [1st Dist.] 1983, no writ) and *Vick v. Vick*, 626 S.W.2d 569 (Tex.App.—Tyler 1981, no writ), concluded that the Texas Family Code sec. 14.08(b), which requires "at least thirty days' notice of a hearing on the motion to modify," was jurisdictional and that Tracy Abourezk had not been diligent in filing her intervention and that without the thirty-day notice the court had no jurisdiction to consider the Plea in Intervention. *Roe v. Doe*, 607 S.W.2d 602 (Tex.App.—Eastland 1980, no writ) holds that this notice provision is not jurisdictional.

We conclude that the statutory notice provision is not controlling. The case had been specially set. Both Robert and Theresa had thirty-days notice of the scheduled hearing. Tracy, as intervenor, was willing to proceed and waive the thirty-day notice to her. We do not believe the Plea in Intervention should have been stricken on the basis of jurisdictional notice requirements. We recognize that a new party in the suit would necessarily have an effect upon Robert's trial strategy. If he was not ready to proceed with the stepgrandmother as a party, he could have sought and should have been granted a continuance in view of her entry into the case only a week before trial. But, the main issue before the trial court was the best interest of the child. In such instances, technical rules of practice and pleadings are of little importance in determining issues concerning custody of children. *Leithold v. Plass*, 413 S.W.2d 698 (Tex.1967). In *C- v. C-*, 534 S.W.2d 359 (Tex.Civ.App.—Dallas 1976, no writ), the court noted that pertinent facts which may directly affect the interest of children should be heard and considered by the trial court regardless of the lack of diligence of the parties in their presentation of information to the court. Since the stepgrandmother had raised the child for most of her life, we believe she should have been permitted to intervene, although we don't condone her waiting until a week before trial to do so. But, any error in denying the intervention did not adversely affect Theresa and any error was harmless as to her. Rule 434, Tex.R.Civ.P. Point of Error No. One is overruled.

Appellant next asserts the trial court erred in submitting Special Issue No. 6 and Special Issue No. 7 because the pleading filed by the father less than a week before trial to support these issues had been stricken prior to trial. The Appellee had not previously pled that the mother had voluntarily relinquished possession and control of the child for a period of twelve months. *See:* Tex.Fam.Code sec. 14.-08(c)(1)(D). We sustain the Point of Error No. Two, but this does not result in a reversal because of other findings which support the judgment. Point of Error No. Three, which also complains about the submission of Special Issue No. 6 and Special Issue No. 7, is moot in view of our determination as to the effect of other jury findings.

The next two points of error contain assertions that there is no evidence to support the submission of Special Issue No. 1, Special Issue No. 2, and Special Issue No. 3 that the answers are against the great weight of the evidence. We pass upon these issues using the standards set forth in *Garza v. Alviar,* 395 S.W.2d 821 (Tex. 1965) and *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

■ There have been significant changes during the period between the divorce in October, 1978, and the trial in September, 1984. Misty was not yet two years old at the time of the divorce. At the time of the trial she was seven years old and enrolled in the second grade. At the time of the divorce Misty was with her mother, but at the time of the trial she had been living with her stepgrandmother for six years. At the time of the divorce, Robert was in the United States Army and at the time of trial he lived at home with his parents and was enrolled in college. After the child was left with Tracy, she was led to believe that the stepgrandmother was her mother, that Mr. Abourezk was her father, that the Abourezk son was her brother and that her mother was in fact her sister. When she started to school she was enrolled as Misty Ann Abourezk. Since the divorce, the child has become bonded to a person who obviously loves the child but is not a blood relative. The evidence is both legally and factually sufficient to support the jury's answers of material and substantial changes as to both parents and the child. Points of Error Nos. Four and Five are overruled.

■ The Appellant in the next four points of error attacks the legal and factual sufficiency of the evidence to support the jury findings that retention of Theresa as managing conservator would be injurious to the welfare of the child, and that appointment of Robert as managing conservator would be a positive improvement for the child.

There was evidence that at times the child had been confused as to family relationships and that she refused to recognize Robert as her father. There has been some instability in the Abourezk household with a divorce being filed by Walter, later a divorce filed by Tracy, which was granted, and then subsequently a remarriage by Misty's grandfather and stepgrandmother. Sometime since the first divorce Theresa has remarried, but there was no testimony about her second husband or their marriage relationship. There was testimony that she had received all the child support paid by Robert and used it for her own needs and not for Misty. We find the evidence to be legally and factually sufficient and overrule Points of Error Nos. Six, Seven, Eight and Nine.

We conclude that the evidence and the jury findings were sufficient for the trial court to remove Theresa Baker as managing conservator. In order to place Robert Ericsson and Tracy Abourezk in the positions they should have been in had the intervention been granted, we remand for a new trial on the issue of whether Robert or Tracy should be named managing conservator. We affirm that part of the judgment which removes Theresa Baker as managing conservator. We reverse that part of the order which appoints Robert Ericsson as managing conservator. We affirm that part of the order which names Theresa Baker and Walter and Tracy Abourezk as possessory conservators and, by reversing that part of the order which appoints Robert Ericsson as managing conservator, we reinstate the provision of the original decree which named him possessory conservator. We leave our suspension order in effect until the trial court can enter such temporary custody orders as may be required. Tex.Fam.Code sec. 11.11. We direct the trial court to forthwith enter such orders as may be necessary to provide for the safety and welfare of Misty Ann Ericsson, pending a new trial.