

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00253-CV

## EX PARTE E.P.J.

### From the 170th District Court
### McLennan County, Texas
### Trial Court No. 2014-261-4

## MEMORANDUM OPINION

E.P.J. filed a petition to expunge criminal records regarding several arrests of E.P.J. One of those records requested to be expunged regarded an arrest for driving while intoxicated (DWI) in 2007. After a hearing, the trial court granted E.P.J.'s request for an expunction. The Texas Department of Public Safety filed a restricted appeal of the trial court's order. *See* TEX. R. APP. P. 26.1(c); 30. Because no reporter's record was made of the expunction hearing, we reverse the trial court's order and remand this proceeding to the trial court for a new expunction hearing.

In its first issue on appeal, the Department asserts E.P.J. was not entitled to an expunction of records of the DWI because the DWI charge was dismissed when she pled

guilty and served a term of deferred adjudication for another offense arising out of the same arrest. Under this issue, the Department argues that the evidence is legally insufficient to support the expunction. The record shows that E.P.J. filed a motion for expunction pursuant to Chapter 55 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. ch. 55 (West 2006). The Department filed an answer but did not appear at the hearing on E.P.J.'s motion, participate in the hearing, or file any post-judgment motions or a request for findings of fact. The trial court's order indicates that E.P.J. met all the requirements for expunction.

Pursuant to Rules 26.1(c) and 30 of the Texas Rules of Appellate Procedure, the Department may prevail in a restricted appeal only if it meets the following requirements:

> (1) it filed notice of the restricted appeal within six months after the judgment was signed; (2) it was a party to the underlying lawsuit; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record.

*Ins. Co. of the State of Pa. v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009); TEX. R. APP. P. 26.1(c); 30. Only the fourth requirement is at issue in this appeal.

Documents attached to the Department's answer to E.P.J.'s petition for expunction indicate that E.P.J. pled guilty to possession of marijuana and received deferred adjudication community supervision. There are additional documents included in the clerk's record in this appeal related to the possession of marijuana offense but those documents, however, do not appear to have been filed in this expunction case. They were

included in the clerk's record in this appeal because they were designated by the DPS in its designation of record, but they have no file stamp other than the file stamp from the possession of marijuana case. This seems to be a recurring course of conduct for the Department. *See e.g. Tex. Dep't of Pub. Safety v. Redding*, No. 11-12-00285-CV, 2013 Tex. App. LEXIS 7580, 3-4 (Tex. App.—Eastland June 20, 2013, no pet.) (mem. op.). Further, there are no documents in the record that indicate the DWI was dismissed in exchange for a plea on the possession offense or that the possession offense arose out of the same arrest as the DWI offense for which E.P.J. sought expunction.

No reporter's record was made of the expunction hearing. Because there is no record from the expunction hearing in this case, we are unable to determine what evidence was before the trial court and, thus, unable to determine whether error is apparent on the face of the record, *i.e.*, whether legally sufficient evidence was presented at the hearing that would support expunction. *See id.* at 4; *Tex. Dep't of Pub. Safety v. Sowell*, No. 11-10-00018-CV, 2011 Tex. App. LEXIS 5087, 3 (Tex. App.—Eastland June 30, 2011, no pet.) (mem. op.). Therefore, we are unable to render judgment as requested by the Department, and its first issue is overruled.

In its second issue, the Department contends the order of expunction should be reversed and the case remanded to the trial court because no reporter's record was made of the expunction hearing. In this appeal, the Department timely requested that a reporter's record be filed, *see* TEX. R. APP. P. 35.3(b), but was informed by affidavit of the

reporter that no reporter's record was made of the expunction hearing. If an appellant exercises due diligence and, through no fault of its own, is unable to obtain a proper record of the evidence introduced, a new trial may be required where the appellant's right to have the case reviewed on appeal can be preserved in no other way. *Rogers v. Rogers*, 561 S.W.2d 172, 173-74 (Tex. 1978). As we stated in the Department's first issue, because there is no record of the expunction hearing, we cannot review the Department's complaint that the evidence was insufficient to support the expunction. There is no other way for the Department to have that issue reviewed without a record. Thus, a new trial is required, and the Department's second issue is sustained. *See Tex. Dep't of Pub. Safety v. Redding*, No. 11-12-00285-CV, 2013 Tex. App. LEXIS 7580, 4 (Tex. App.—Eastland June 20, 2013, no pet.) (mem. op.); *Tex. Dep't of Pub. Safety v. Sowell*, No. 11-10-00018-CV, 2011 Tex. App. LEXIS 5087, 3 (Tex. App.—Eastland June 30, 2011, no pet.) (mem. op.).

Accordingly, the trial court's judgment is reversed and this case is remanded for a new expunction hearing.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Reversed and remanded
Opinion delivered and filed March 26, 2015
[CV06]

