**Josephine SANDERS, Appellant,**

v.

**Wynell JEFFERSON, Robbie Bennett and Asa Sanders, Appellees.**

**No. 8676.**

Court of Civil Appeals of Texas, Texarkana.

April 29, 1980.

Rehearing Denied May 27, 1980.

Douglas Weitzel, David Ingram, Longview, for appellant.

R. L. Whitehead, Jr., Longview, Charles A. Allen, Marshall, for appellees.

CORNELIUS, Chief Justice.

Mrs. Josephine Sanders brought this suit as an equitable bill of review to set aside a divorce judgment. The divorce suit was filed by Mrs. Sanders' husband, James Edward Sanders, in Harrison County, but was

subsequently moved to Gregg County. Mrs. Sanders was served with personal citation and answered through her attorney. Mr. Sanders was also represented by counsel. Judgment was rendered on February 18, 1977. Mr. Sanders died on December 6, 1977, some ten months after the divorce decree was signed. Mrs. Sanders based her bill of review action upon the contentions that neither she nor her attorney was notified or was aware of the divorce hearing, which the decree stated was held on September 3, 1976, and that the decree was procured by the fraud of Mr. Sanders. Mr. Sanders died intestate leaving certain personal property acquired subsequent to entry of the divorce decree, which would pass to Mrs. Sanders rather than to his heirs at law, in the event the divorce decree is nullified.[1]

A full trial of the bill of review action was had before a jury which, in answer to special issues, found that the divorce was not procured by fraud or misrepresentations, Mrs. Sanders' attorney did receive notice of the divorce hearing, and that Mrs. Sanders did not have a meritorious defense to the former judgment.

On appeal Mrs. Sanders urges that the divorce judgment should be set aside because no record was made at the hearing, because the court erred in admitting evidence in violation of Article 3716, Tex.Rev. Civ.Stat.Ann., and in excluding other admissible evidence, and because the findings of the jury are against the great weight and preponderance of the evidence.

■ The first point of error is without merit. The rule of *Rogers v. Rogers*,[2] 561 S.W.2d 172 (Tex.1978), does not apply to this case. That rule applies to the case being *appealed*, where the appellate court needs a statement of facts in order to review the correctness of the judgment below. Mrs. Sanders did not appeal the divorce action. She filed a bill of review to set it aside. If she was entitled to a bill of review, she would have no need for a statement of facts of the divorce action because the action itself would be retried in the bill of review. The requirement of *Rogers* has been met here. We have a statement of facts of the case being appealed, i. e., the bill of review trial.

■ Where a judgment has become final and the time for seeking review by appeal or writ of error has passed, a party can procure a review or reversal of that judgment only by a proceeding in the nature of a bill of review. Tex.R.Civ.P. 329b(5); *Schwartz v. Jefferson*, 520 S.W.2d 881 (Tex.1975); 4 McDonald's, Texas Civil Practice § 18.24. To sustain such a proceeding under the circumstances here, Mrs. Sanders first had the burden to plead and prove by a preponderance of the evidence that the divorce decree was rendered as a result of fraud, accident or wrongful act of the opposite party or official mistake unmixed with her own negligence. If she met that burden she then would have been required to present prima facie proof of a meritorious defense to the original action, after which the burden of persuasion would fall upon the original plaintiff to prove his cause of action by a preponderance of the evidence. *Baker v. Goldsmith*, 582 S.W.2d 404 (Tex.1979).[3]

■ Without reciting it, we will observe that much evidence was adduced upon the questions of Mrs. Sanders' and her attorney's receipt of notice of the divorce hearing and her attorney's actual appearance at such hearing. Although much of the evidence was conflicting, there was ample testimony and circumstances which, if believed by the jury, warranted their answers to the special issues, and we cannot say those answers are against the great weight and preponderance of the evidence.

1. The divorce decree recited that the parties owned no community property.

2. *Rogers* held that if a diligent appellant, through no fault of his own, is unable to obtain a statement of facts he is entitled to a new trial when his right to have the cause reviewed on appeal can be preserved in no other way.

3. The bill of review trial was prior to the decision in *Baker v. Goldsmith* and was conducted according to the former procedure, but that fact does not affect the outcome here.

Because the jury found, on sufficient evidence, that Mrs. Sanders failed to sustain the initial requirements justifying a bill of review, she was not entitled to the relief sought, and the complaints relating to the admission and exclusion of evidence are immaterial and need not be discussed.

The judgment of the trial court is affirmed.