**Debra A. TERRY, Appellant,**

v.

**Elliott C. CALDWELL, Appellee.**

**No. C14-92-00351-CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 11, 1993.

Rehearing Denied March 18, 1993.

Dianne Richards, Clifford A. Wilson, Houston, for appellant.

Randell B. Wilwhite, Houston, for appellee.

Before ROBERTSON, CANNON and BOWERS, JJ.

## OPINION

CANNON, Justice.

This is an appeal from an order granting a motion to modify in a suit affecting a parent-child relationship. We affirm.

The parties are parents of a three-year-old child. When the child was six months old, appellee filed a petition to voluntarily legitimate his son. The court entered an order establishing him as the father and possessory conservator of the child. Appellant was named managing conservator.

Appellee subsequently filed a motion to modify seeking to become managing conservator. There was no service of process by citation or an express written waiver of citation of the motion. Appellant, however, signed an agreed judgment that the trial court entered on December 27, 1991.

Appellant filed a *motion for new trial.* At the hearing on the motion she testified she signed the agreed order because appellee had misrepresented facts to her about his ability to care for their son.

Appellant attacks the order granting modification in five points of error. In the first three points of error she contends the trial court erred in entering the order because there was no citation, no written waiver of citation, and no appearance. In her fourth point of error, she argues the trial court erred, for the same reasons, in refusing to grant a new trial.

Judgment may not be rendered against any defendant except with service, acceptance of waiver of process, or appearance by the defendant. TEX.R.CIV.P. 124. "An appearance constitutes waiver [of service]." *Dodson v. Seymour,* 664 S.W.2d 158, 161 (Tex.App.–San Antonio 1983, no writ). We hold that appellant "appeared" when she signed an agreed order that was entered by the court.

The policy underlying Rule 124 is to assure the defendant knows about the proceedings and can, therefore, defend against them. Appellant knew of the proceedings but chose to sign an agreed order rather than to defend. We overrule points of error one through four.

In point of error five, appellant argues the trial court erred because it held no hearing to ascertain if the modification was in the best interests of the child. Although the family code provides the trial court must ascertain the best interests of the child, it does not require the court to hold an evidentiary hearing to ascertain that best interest. TEX.FAM.CODE ANN. §§ 14.-06(b), 14.07(a).

We overrule point of error five and affirm the judgment of the trial court.