Nancy **SPIVEY**, Appellant,

v.

Rayford **HOLLOWAY**, Jr., Appellee.

No. 01–94–01143–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 25, 1995.

Shawn Casey, Houston, for appellant.

Jan G. Banker, Houston, for appellee.

Before HUTSON–DUNN, MIRABAL and HEDGES, JJ.

## OPINION

HUTSON–DUNN, Justice.

This is an appeal by petition for writ of error. The appellee, Rayford Holloway, Jr., obtained a divorce from the appellant, Nancy Spivey, and Spivey neither answered nor appeared in person at the divorce hearing. In its decree, the trial court adjudicated the rights and responsibilities concerning the parties' only child. In two points of error, Spivey contends that the court erred by: (1) proceeding to trial when Spivey had not been served, or validly waived service of process; and (2) rendering a divorce decree even though Spivey had not waived a record of testimony as required by TEX.FAM.CODE ANN. § 11.14(d) (Vernon 1986). We affirm.

## I. Summary of Facts

Holloway filed a petition for divorce of a common law marriage on January 11, 1994. The trial court's docket sheet shows that the case was called for trial on March 29, 1994. On that day, Holloway filed with the court a notarized waiver of citation that Spivey had signed on March 25, 1994. The waiver stated:

> I, NANCY SPIVEY, am Respondent in the above entitled and numbered cause. I am a resident of Houston, Harris County, Texas. I have been given a copy of the Original Petition that has been filed in this cause, and I have read it and understand it. I hereby enter my appearance in this cause for all purposes and waive the issuance and service of process. I agree that the cause may be taken up and considered by the Court based upon the Decree of Divorce attached hereto as Exhibit "A", without further notice to me. I further

waive the making of a record of testimony in this cause, and I hereby agree that this matter may be tried to conclusion by this Court or any Court of the Judicial District, or the duly appointed master of this Court.

The waiver did not comply with the technical requirements of TEX.R.CIV.P. 119 because it did not contain Spivey's mailing address. *See* TEX.R.CIV.P. 119. (in every divorce action, waiver of citation must include defendant's mailing address). Further, the record does not show that an exhibit A was attached to the waiver. The words "bad waiver" were written on the top of the waiver.

The court's docket sheet shows that the court granted the divorce on March 29, 1994, the day of the hearing. On April 7, 1994, before the court had signed a written divorce decree, Holloway filed a corrected waiver of citation with the court that Spivey had signed on March 31, 1994. This waiver was identical to the previous waiver except that it listed Spivey's mailing address, and it made no limitations on her appearance. On April 8, 1994, the trial court signed a written decree of divorce that stated that Spivey had waived her appearance by waiver of citation. The decree was approved and signed by both Spivey and Holloway. Although the parties did not date their signatures, we can infer that they signed the decree before the hearing since the decree stated that Spivey had waived her appearance at the hearing.

## II. ANALYSIS

 To obtain relief from an adverse judgment by a petition for writ of error to the court of appeals, the party seeking relief must show that the petition: (1) was perfected within six months of the date of judgment; (2) by a party to the suit; (3) who did not participate in the trial; and (4) the judgment contains an error apparent on the face of the record. *Brown v. McLennan County Children's Protective Serv.*, 627 S.W.2d 390, 392 (Tex.1982); TEX.CIV.PRAC. & REM.CODE ANN. § 51.013 (Vernon 1986). Each of these requirements is mandatory and jurisdictional. *Robertson v. Hide–A–Way Lake Club, Inc.*, 856 S.W.2d 841, 843 (Tex.App.—Tyler 1993, no writ); *Lambda Constr. Co. v. Chamberlin Waterproofing & Roofing Sys., Inc.*, 784

S.W.2d 122, 124 (Tex.App.—Austin 1990, writ denied). The record reflects that Spivey's petition for writ of error was perfected within six months of the date of judgment, and Spivey is clearly a party to the suit. Therefore, the elements that remain for consideration are whether error is apparent on the face of the record and whether Spivey participated in the trial of the case.

### A. Error on the Face of the Record

Spivey argues that the record contains an error on its face because it does not show that she was properly served, or that she executed a valid waiver of service before the divorce hearing. Spivey also contends that the record shows error because there is no statement of facts in this case, and she did not properly waive the making of a record before the hearing. Thus, Spivey asserts that she was not properly before the court at the time of the hearing, and the March 31st waiver filed after the hearing but before judgment could not retroactively cure the trial court's error in conducting a hearing without a court reporter or a valid waiver of citation.

The March 25th waiver of citation, which Spivey executed before the divorce hearing, complied with all the requirements of Tex.R.Civ.P. 119 except that it did not include her mailing address. Although this requirement has been construed as mandatory, *see Travieso v. Travieso,* 649 S.W.2d 818, 820 (Tex.Civ.App.—San Antonio 1983, no writ), we note that *Travieso* was a default judgment case rather than a consent judgment case. The rules regarding the service and return of process are strictly construed when a default judgment is directly attacked. *Primate Constr., Inc., v. Silver,* 884 S.W.2d 151, 152 (Tex.1994). Further, the purpose of rule 119 is to notify the clerk of the defendant's location so that the clerk can send a certified copy of the final divorce decree to the defendant. Tex.R.Civ.P. 119a. We can infer that Spivey knew of the contents of the final decree in this case because she signed the decree prior to its entry by the court. Therefore, we conclude that the absence of Spivey's mailing address in the March 25th waiver does not by itself mandate reversal of

this case. We hold that the defective waiver of service of process in this case does not constitute error on the face of the record.

Additionally, even without service or waiver of process, a judgment may be rendered upon appearance by the defendant. Tex.R.Civ.P. 124. An appearance constitutes waiver of service. *Dodson v. Seymour,* 664 S.W.2d 158, 161 (Tex.App.—San Antonio 1983, no writ). In *Terry v. Caldwell,* 851 S.W.2d 875, 876 (Tex.App.—Houston [14th Dist.] 1993, no writ), the court held that a party appeared by signing an agreed order that was entered by the court. Thus, the court concluded that the trial court did not err by rendering judgment even though there was no service of process or an express written waiver of citation. *Id.* at 875. Likewise, we hold that Spivey's signing of the divorce decree constituted an appearance before the court pursuant to rule 124.

We overrule Spivey's first point of error.

Spivey contends in her second point of error that the trial court erred in rendering the April 8th divorce decree because she did not waive the record of testimony as required by section 11.14(d) of the Family Code. The March 25th waiver only authorized the court to conduct a hearing without further notice and without the making of a record of testimony if the hearing was based upon a decree of divorce "attached ... as exhibit A." The record does not show that an exhibit A was attached to the March 25th waiver, and it does not show that Spivey received notice of the hearing. Further, the record contains an affidavit by the court reporter that no statement of facts was transcribed in the case. A record must be made in all suits affecting the parent-child relationship unless waived by the parties with the consent of court. Tex.Fam.Code Ann. § 11.14(d). Thus, the trial court was not authorized to conduct a hearing based on the March 25th waiver.

We now consider whether the corrected March 31st waiver, which Spivey signed after the hearing but before judgment, cured the lack of notice of the hearing and the absence of a record. In this waiver, Spivey entered an unconditional appearance

before the court and waived a making of the record of testimony in the case. A party may waive the making of a record by express written agreement. *O'Connell v. O'Connell,* 661 S.W.2d 261, 263 (Tex.App.—Houston [1st Dist.] 1983, no writ). Nevertheless, Spivey contends that the March 31st waiver did not cure the error because the lack of a record cannot easily be waived if an appellant and her counsel were not present at the hearing, and they later discovered that no record was made. *Id.; Hawkins v. Hawkins,* 626 S.W.2d 332, 333 (Tex.App.—Tyler 1981, no writ). In other words, Spivey asserts that the March 31st waiver could not retroactively waive the making of a record at the March 29th hearing. We disagree. We do not find *O'Connell* and *Hawkins* dispositive of this case because the defendant in those cases did not sign any document that expressly waived the making of the record as in this case. *Cf. Stubbs v. Stubbs,* 685 S.W.2d 643, 644–46 (Tex.1985) (signed waiver of citation, *which did not waive making of statement of facts,* and signed agreement incident to divorce did not constitute waiver of a record pursuant to section 11.14(d)). We hold that the March 31st waiver of citation cured the absence of a statement of facts from the March 29th divorce hearing.

### B. Participation in the Trial of the Case

Since we have already held that there is no error on the face of the record in this case, we do not consider whether Spivey's participation in the case precluded her from obtaining a writ of error.

We overrule Spivey's two points of error.

We affirm the judgment of the trial court.