**In the Interest of C.R.B., a child.**

**No. 06–07–00135–CV.**

Court of Appeals of Texas, Texarkana.

Submitted June 2, 2008.

Decided June 13, 2008.

Barrett Keith Brown, Brown & Butscher, LLP, Sherman, for appellant.

Joe D. Moss, Moss & Cox Office, Bonham, for appellee.

Before MORRISS, C.J., CARTER and MOSELEY, JJ.

## OPINION

Opinion by Justice CARTER.

Taylor Baker appeals the denial of her bill of review challenging a previously entered order in a suit affecting the parent-child relationship (SAPCR). On July 25, 2006, the trial court signed a SAPCR order granting Richard and Melodi Fry sole managing conservatorship of C.R.B., Baker's child, and granting Baker possessory conservatorship. It is uncontested that Baker was never served with a citation, did not sign a waiver of process, and did not appear in person at the hearing resulting in the SAPCR order. Baker, though, did sign the SAPCR order as "approved and consented to as to both form and substance." The SAPCR order also states: "Taylor Baker ... has consented to the terms of this order as evidenced by Taylor Baker's signature below." The order further recited that Baker had made a general appearance and agreed to the order.

On October 17, 2006, Baker filed a bill of review challenging the SAPCR order. After holding a hearing on Baker's

bill of review, the trial court denied the bill. In its findings of fact, the trial court found that Baker knowingly and intentionally signed the order in the suit to modify the parent-child relationship, that when she signed the order she understood she was giving custody of the child to the Frys, and that her signature was not secured by deception or fraud.[1] The sufficiency of the evidence to support these findings is not challenged on appeal. Unchallenged findings of fact are binding on the court of appeals "unless the contrary is established as a matter of law, or if there is no evidence to support the finding." *Bay Fin. Sav. Bank v. Brown*, 142 S.W.3d 586, 590 (Tex.App.-Texarkana 2004, no pet.) (citing *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex.1986)). The evidence on these issues was conflicting; none of these issues was established as a matter of law, and there is some evidence to support the findings. Consequently, the trial court's findings of fact are binding on this Court.

■ Baker claims, in her sole point of error, the SAPCR order was void because it was entered without service, waiver of process, or a general appearance. In support of her argument, Baker cites Tex.R. Civ. P. 21a, 119, 120, 121, 124 and *Strawder v. Thomas*, 846 S.W.2d 51 (Tex.App.-Corpus Christi 1992, no writ). *Strawder* is distinguishable from the current case because it did not involve an agreed judgment which had been entered by a court. *Strawder*, 846 S.W.2d at 54–58. In *Strawder*, the court held that the presence of counsel at a hearing where counsel announced he was merely requesting the court to enter a nonsuit was not a general appearance by a party. *Id.* at 61.

The First and Fourteenth District Courts of Appeals have held that a party enters an appearance when the party signs an agreed order that was entered by the court. *Spivey v. Holloway*, 902 S.W.2d 46, 48 (Tex.App.-Houston [1st Dist.] 1995, no pet.) (party entered an appearance and waived service by signing divorce decree); *Terry v. Caldwell*, 851 S.W.2d 875, 876 (Tex.App.-Houston [14th Dist.] 1993, no pet.) (party entered appearance by signing agreed modification in SAPCR suit). The Fourteenth District reasoned: "[t]he policy underlying Rule 124 is to assure the defendant knows about the proceedings and can, therefore, defend against them." *Terry*, 851 S.W.2d at 876.

■ We agree with the First and Fourteenth District Courts of Appeals that a party makes a general appearance by signing an agreed judgment which is entered by a court. The Texas Supreme Court has held that "a party enters a general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304 (Tex.2004); *Dawson–Austin v. Austin*, 968 S.W.2d 319, 322 (Tex.1998). As such, an agreed judgment constitutes a general appearance.

Similar to *Terry*, Baker's signature is evidence she had knowledge of the proceedings but elected not to contest the agreed judgment. Baker's act in signing the judgment consented to the personal jurisdiction of the court and recognized an action was properly pending. Baker en-

1. We note this Court has suggested a signature obtained by fraud or wrongdoing does not constitute an appearance. *In re Marriage of Ham*, 59 S.W.3d 326, 331 (Tex.App.-Texarkana 2001, no pet.). At trial, Baker argued she had been fraudulently induced to sign the order and testified the order in the file was not the same order she signed. On appeal, Baker does not challenge the trial court's finding that she knowingly and intentionally signed the order.

tered a general appearance by signing the SAPCR order. As such, Baker waived any defect in the service of citation. *See Baker v. Monsanto Co.,* 111 S.W.3d 158, 161 (Tex.2003). The trial court did not err in denying Baker's bill of review.

We affirm the judgment of the trial court.