Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# MEMORANDUM OPINION

No. 04-08-00269-CV

Bruce L. **CHRISTENSEN**,
Appellant

v.

Patricia K. **CHRISTENSEN**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2005-CI-17948
Honorable Larry Noll, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Sandee Bryan Marion, Justice
Steven C. Hilbig, Justice
Marialyn Barnard, Justice

Delivered and Filed:   February 4, 2009

AFFIRMED

Bruce L. Christensen appeals the trial court's order denying his bill of review.  Christensen filed the underlying bill of review in an effort to challenge an Agreed Final Divorce Decree. Christensen raises four issues on appeal asserting the trial court erred in denying his bill of review because: (1) he was not notified of the trial setting at which the decree was signed; (2) no reporter's record was made of the hearing; (3) he was not notified that the decree had been signed; and (4) the division of the marital estate was not fair and just or equal.  We affirm the trial court's order.

A bill of review is an equitable proceeding brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal. *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004). A bill of review plaintiff must plead and prove (1) a meritorious defense to the underlying cause of action, (2) which the plaintiff was prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence on their own part. *Id*.

Christensen first asserts that the trial court erred in denying his bill of review because he was not notified of the trial setting. As the trial court noted, however, the underlying judgment was an Agreed Final Decree of Divorce that Christensen signed approving as to form and substance. The agreed decree stated, "Respondent, BRUCE L. CHRISTENSEN, although duly and properly cited, did not appear, but as witnessed by his signature, has agreed to the disposition of this action." By signing the agreed decree approving it as to substance, Christensen had knowledge of the proceedings but elected not to contest the decree; therefore, he waived any error in the proceedings, including any absence of notice. *In re C.R.B.*, 256 S.W.3d 876, 877-78 (Tex. App.—Texarkana 2008, no pet.); *Cisneros v. Cisneros*, 787 S.W.2d 550, 552 (Tex. App.—El Paso 1990, no writ).

Christensen next contends that the trial court erred because no reporter's record was made from the hearing resulting in the signing of the decree. The rule and case law cited by Christensen, however, do not apply in bill of review cases. *See Sanders v. Jefferson*, 599 S.W.2d 663, 664 (Tex. Civ. App.—Texarkana 1980, writ dism'd). "That rule applies to [a] case being appealed, where the appellate court needs a statement of facts in order to review the correctness of the judgment below." *Id*. "If [Christensen] was entitled to a bill of review, [he] would have no need for a statement of facts of the divorce action because the action itself would be retried in the bill of

review." *Id.* In this case, we have a reporter's record from the case being appealed, i.e., a reporter's record from the bill of review hearing. *See id.*

Christensen next contends that he did not receive notice of the judgment.[1] This complaint, however, would not entitle him to a bill of review because it does not raise a meritorious defense to the divorce decree. *See Caldwell*, 154 S.W.3d at 96.

Finally, Christensen complains that the trial court's division of the marital estate was not fair and just. Allegations that the decree provided an inequitable and unfair division of the marital estate will not support relief for a party by a bill of review. *See In re Marriage of Noonan*, No. 07-07-0294-CV, 2008 WL 2967115, at *4 (Tex. App.—Amarillo Aug. 4, 2008, pet. filed) (mem. op.); *see also Boaz v. Boaz*, 221 S.W.3d 126, 131 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

The trial court's order is affirmed.

Marialyn Barnard, Justice

---

[1] We note that Christensen admitted in a letter that was introduced into evidence that he was aware the divorce was final approximately thirty-four days after the decree was signed; therefore, Christensen could have pursued other remedies pursuant to rule 306a of the Texas Rules of Civil Procedure.