Opinion issued April 1, 2010

                                                                        

 

 

 

 

 

 



 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-09-00168-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



PHILIP TODD VANDEMARK, Appellant

 

V.

 

ELAINE M. JIMENEZ AND THE OFFICE OF THE ATTORNEY
GENERAL OF TEXAS, Appellees

 

 



On Appeal from the 328th District Court

Fort Bend County, Texas

Trial Court Cause No. 00-DCV-115218

 

 



MEMORANDUM OPINION

          In
a suit to modify child support, Philip Vandemark appeals from a default order entered
against him by the Title IV-D court.  The
IV-D court increased Vandemark’s monthly child support obligation for his two adult
children from $750 to $1090 and extended these payments indefinitely because
both children require substantial care and personal supervision as a result of
physical or mental disabilities.  See Tex.
Fam. Code Ann. § 154.302(a)
(Vernon 2008).  On
appeal, Vandemark challenges the default order on the grounds that (1) he never
received notice by service of citation, (2) the Attorney General’s Office
failed to comply with the federal Servicemember’s Civil Relief Act’s (SCRA) requirement
of filing an affidavit of non-military service prior to entry of default, and
(3) the default order does not indicate whether the IV-D court determined and
considered the required statutory findings when awarding child support to
children over age eighteen.  See Tex.
Fam. Code Ann. § 154.306
(Vernon 2008).  We
hold that Vandemark made a general appearance, which waived service of citation
and rendered the SCRA inapplicable.  We
further hold that Vandemark failed to comply with the requirements of Texas Rule
of Appellate Procedure 34.6(c) regarding a partial reporter’s record, and thus the
record fails to support the contention that the IV-D court abused its
discretion.  We therefore affirm.

 

Background

Vandemark and Elaine Jimenez divorced
in 2001 and Jimenez received custody of their two children.  On June 17, 2008, the Office of the Attorney
General (OAG) filed a Suit Affecting the Parent-Child Relationship (SAPCR) on
Jimenez’s behalf, seeking to increase the amount of Vandemark’s child support
obligation.  The district clerk’s office
issued citation on August 11, 2008; however, the record does not contain a
return of service.  Both Vandemark and
Jimenez appeared in court on September 11, 2008 and requested that the court reset
the modification hearing to allow Jimenez to obtain relevant medical documents
and Vandemark to hire an attorney.  The court
then issued a reset order that included the following statement in capital
letters directly above Jimenez and Vandemark’s signatures:  “I acknowledge that I have received a copy of
this order.  If I fail to appear, a writ
of attachment/capias may be issued or a default judgment may be entered.”

Although Vandemark hired an attorney
shortly after the September 11 hearing, Vandemark neither answered nor
responded to the OAG’s petition.  On
November 13, Vandemark’s attorney, the Assistant Attorney General, and Jimenez
all attended an off-the-record pre-hearing conference with the Title IV-D
judge.  According to Jimenez, Vandemark
was not present at this conference, and after a discussion about the modification
suit, Vandemark’s attorney left the courthouse and did not attend the formal modification
hearing.

The IV-D court entered a default order
against Vandemark.  The court found that
(1) both children require substantial care and personal supervision due to a
mental or physical disability, (2) neither child is capable of self-support,
and (3) the children’s disabilities existed before their eighteenth birthdays.  The court ordered Vandemark to pay cash
medical support and ordered Jimenez to apply for coverage in a governmental
assistance program on behalf of the children. 
Directly below this order, the judge handwrote the following:  “Both dependent[s] are currently receiving
Medicaid through their SSI benefits.”  The
court calculated the parties’ respective monthly net resources and, pursuant to
the child support guidelines, increased Vandemark’s monthly support obligation
from $750 to $1090.  The order extends these
payments indefinitely.

Vandemark did not request findings of
fact and conclusions of law, but he timely filed a motion for new trial
challenging the validity of the default order. 
Vandemark argued that (1) the SCRA required the OAG to file an affidavit
of non-military service prior to entry of the default order, (2) Vandemark
never received notice of the hearing by service of citation, (3) the IV-D
court calculated Vandemark’s support obligation using the guidelines for children
under age eighteen when it should have used the special considerations for
children over eighteen in section 154.306 of the Family Code, and (4) the IV-D
court failed to consider the SSI and Medicaid benefits received by both
children in calculating the support obligation. 
On January 20, 2009, at the motion for new trial hearing, the district court
expressly found that Vandemark generally appeared on September 11, 2008, and
knew of the hearing set for November 13.  The court denied Vandemark’s motion for new trial.

Discussion

Appellate Jurisdiction

We first examine whether we have
jurisdiction over the appeal.  See Smith v. Houston Lighting & Power Co.,
7 S.W.3d 287, 288 (Tex. App.—Houston [1st Dist.] 1999,
no pet.) (citing Tex.
Ass’n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex.
1993)).  The IV-D court signed and
entered a default order against Vandemark on November 13, 2008.  Vandemark timely filed a motion for new trial
on December 11, 2008, which extended the time to file a notice of appeal to 90
days after signing of the judgment:  February
11, 2009.  See Tex. R. App. P. 26.1(a)(1).  Vandemark did
not file his notice of appeal until February 19, 2009, eight days late.  Rule 26.3 of the Rules of Appellate Procedure
allows an appellate court to extend the time to file a notice of appeal if,
within fifteen days after the notice is due, the appellant files their notice
of appeal with the trial court and files a Rule 10.5(b) motion to extend time
with the appellate court.  See Tex.
R. App. P. 26.3.  Vandemark filed
the notice of appeal within fifteen days of the original due date, but did not
file a motion to extend time.

The Texas Supreme Court previously has
held that an appellate court necessarily implies a motion to extend time when
the appellant, acting in good faith, perfects an appeal within the fifteen-day
grace period of Rule 26.3.  See Verburgt v. Donner, 959 S.W.2d 615, 617 (Tex. 1997).  Although we imply the filing of a motion to
extend time in this situation, the appellant must still provide a reasonable
explanation for why an extension of time is necessary.  See id.;
Smith, 7 S.W.3d at 288 (“It is still
necessary, however, for an appellant to reasonably explain the need for an
extension.”).

A “reasonable explanation” is “any
plausible statement of circumstances indicating that failure to file within the
[required] period was not deliberate or intentional, but was the result of
inadvertence, mistake, or mischance.”  Garcia v. Kastner Farms, Inc., 774
S.W.2d 668, 669 (Tex. 1989) (quoting Meshwert
v. Meshwert, 549 S.W.2d 383, 384 (Tex. 1977)).  Anything “short of deliberate or intentional
noncompliance qualifies as inadvertence, mistake or mischance—even if that
conduct can also be characterized as professional negligence.”  Id. at 670.  In Smith, we issued an order informing
Smith that we would dismiss the appeal for want of jurisdiction unless, within
fifteen days of the date of the order, he filed a reasonable explanation for
not timely filing his notice of appeal.  See Smith, 7 S.W.3d at 289; Tex. R. App. P. 42.3 (allowing appellate
court to dismiss for want of jurisdiction); see
also Coronado v. Farming Tech., Inc., 994 S.W.2d 901, 902 (Tex.
App.—Houston [1st Dist.] 1999, order).

On September 29, 2009, we issued an
order requiring Vandemark to articulate a reasonable explanation for his
failure to timely file his notice of appeal and informing him that if he did
not do so within fifteen days of the date of the order, we would dismiss his
appeal for want of jurisdiction.  Vandemark’s
attorney of record filed an affidavit on October 2, 2009, stating that she erred
in calculating the time to file a notice of appeal.  We hold that the attorney’s affidavit
reasonably explains Vandemark’s failure to timely file a notice of appeal.  Accordingly, we have jurisdiction over this
appeal.

Waiver by General Appearance

          Vandemark
initially challenges the default order on the procedural grounds that he was
never served with citation and the OAG failed to file an affidavit of
non-military service before seeking the default order.  These contentions turn on whether Vandemark waived
these requirements when he appeared and signed the reset order requesting
postponement of the modification hearing.

          Generally,
by appearing before the court, the defendant indicates his submission to the
court’s jurisdiction.  See Mays v. Perkins, 927 S.W.2d 222, 225
(Tex. App.—Houston [1st Dist.] 1996, no writ).  To determine if a defendant appeared, we
consider the nature and quality of the defendant’s activities before the trial
court.  See Smith v. Amarillo Hosp. Dist., 672
S.W.2d 615, 617 (Tex. App.—Amarillo 1984, no writ).  The Texas Supreme Court previously has held
that any one of three categories of activities by a defendant constitutes a
general appearance:  (1) the defendant
invokes the judgment of the court on any question other than the court’s
jurisdiction; (2) the defendant recognizes by its acts that an action is
properly pending; or (3) the defendant seeks affirmative action from the
court.  See Exito Elecs. Co. v. Trejo, 142 S.W.3d 302, 304 (Tex. 2004)
(citing Dawson-Austin v. Austin, 968
S.W.2d 319, 322 (Tex. 1998)).

Both this court and the Fourteenth
Court of Appeals have held that participating in the proceedings by signing
agreed orders and divorce decrees constitutes a general appearance.  See
Mays, 927 S.W.2d at 225 (agreed final judgment); Terry v. Caldwell, 851 S.W.2d 875, 876 (Tex. App.—Houston [14th
Dist.] 1993, no writ) (agreed order); Spivey
v. Holloway, 902 S.W.2d 46, 49 (Tex. App.—Houston [1st Dist.] 1995, no
writ) (divorce decree).  Additionally, the
Austin Court of Appeals held that a defendant appeared when he attended a
hearing, requested additional time to seek representation, and signed a
scheduling order setting the date of the next hearing.  See
Aguilar v. Tex. Dep’t of Fam. & Protective Servs., No. 03-08-00152-CV, 2008 Tex.
App. LEXIS 8663, at *12–13 (Tex. App.—Austin Oct. 31, 2008, no pet.) (mem. op.).

          Here,
Vandemark attended a hearing before the IV-D court on September 11, 2008.  At this hearing, Vandemark requested
additional time before the modification hearing in order to obtain an
attorney.  Jimenez, Vandemark, and the
IV-D judge all signed, in open court, the order resetting the modification hearing
for November 13.  By this action,
Vandemark impliedly recognized that the IV-D court had jurisdiction over the
modification proceeding.  See Exito Elecs. Co, 142
S.W.3d at 304; Smith, 672
S.W.2d at 617.  We hold that Vandemark
generally appeared in this cause.

Although the general rule is that a court
shall not render judgment against a defendant who was not served, Texas Rule of
Civil Procedure 120 provides an exception “when a person waives service by
making a general appearance before the court.” 
I.M. Werner v.
Colwell, 909 S.W.2d 866, 869–70 (Tex. 1995).  If a defendant enters an appearance in open
court, that appearance has the same force and effect as if citation had been
duly issued and served.  See Tex.
R. Civ. P. 120; see also Baker v.
Monsanto Co., 111 S.W.3d 158, 160 (Tex. 2003) (“Monsanto made a general appearance
when it answered the plaintiff’s complaint on July 7, 1995.  That appearance relieved the intervenors of
the responsibility to serve Monsanto with citation.”).

Pursuant to Rule 120, Vandemark’s
appearance had the same force and effect as service of citation.  The reset order stated the date, time, and
location of the postponed modification hearing. 
The order also contained the following noticeable and unambiguous
statement directly above Vandemark’s signature: 
“I acknowledge that I have received a copy of this order.  If I fail to appear, a writ of
attachment/capias may be issued or a default judgment may be entered.”  Even though Vandemark never received
citation, he had notice of the November 13th modification hearing, and his
appearance in court waived the service of citation requirement.

Vandemark contends that section
156.003 of the Family Code requires notice by service of citation when a
party’s rights and duties may be affected by a modification suit.  See
Tex. Fam. Code Ann. § 156.003 (Vernon 2008) (“A party whose
rights and duties may be affected by a suit for modification is entitled to
receive notice by service of citation.”).  The Family Code also provides, however, that
citation in SAPCRs “shall be issued and served as in other civil cases.”  See
id. § 102.009(c) (“Citation on
the filing of an original petition in a suit shall be issued and served as in
other civil cases.”); see also id. § 156.004 (“The Texas Rules of
Civil Procedure applicable to the filing of an original lawsuit apply to a suit
for modification under this chapter.”). 
Section 156.003 does not alter the provision of Rule 120 that allows a general
appearance to waive service of citation. 
Therefore, the Family Code does not excuse Vandemark’s waiver by general
appearance.  The trial court thus did not
err in refusing to set aside the default order on this basis.

Section 521 of the SCRA requires a
plaintiff to file an affidavit with the trial court stating whether the
defendant is engaged in military service before the court can enter judgment in
favor of the plaintiff.  See 50 U.S.C. app. § 521(b) (2006).  However, section 521(b) only applies to
“civil action[s] or proceeding[s], including any child custody proceeding[s],
in which the defendant does not make an
appearance.”  Id. § 521(a) (emphasis added). 
Vandemark generally appeared when he requested a reset of the
modification hearing and signed the reset order.  The SCRA thus does not apply, and the trial
court did not err by entering a default order against Vandemark without an underlying
affidavit of non-military service.

Section 154.306 Statutory Findings by the Title IV-D Court

          When
a trial court decides the amount of child support to be paid after the child’s
eighteenth birthday, the court must “determine and give special consideration
to” the following four factors:  (1) any
existing or future needs of the child directly related to a mental or physical
disability and the substantial care and personal supervision required by that
disability; (2) whether the obligor parent pays for the care and
supervision of the child or will provide substantial care or personal
supervision; (3) the financial resources available to both parents for support,
care, and supervision; and (4) any other financial resources, other
resources, or programs available for the support, care, and supervision of the
child.  See Tex. Fam.
Code Ann. § 154.306 (Vernon 2008).  Vandemark challenges the legal and factual sufficiency
of the default order, and further contends that the IV-D court erred (1) by not
detailing the section 154.306 factors it considered when increasing and
extending Vandemark’s child support obligation, and (2) by not noting whether
it considered the children’s SSI and Medicaid benefits.[1]

          We
review a trial court’s order determining child support obligations for abuse of
discretion.  See Worford v. Stamper, 801 S.W.2d 108,
109 (Tex. 1991) (per curiam); McGuire v.
McGuire, 4 S.W.3d 382, 384 (Tex. App.—Houston [1st Dist.] 1999, no pet.).  When no party requests findings of fact and conclusions
of law, as occurred in this case, we imply all findings necessary to support
the trial court’s judgment.  See Worford, 801
S.W.2d at 109.  We must affirm the judgment if it can be
upheld on any legal theory supported by the evidence.  See id.;
Davis v. Smith, 227 S.W.3d 299, 302
(Tex. App.—Houston [1st Dist.] 2007, no pet.).

Vandemark relies on Wolk v. Wolk, No. 03-06-00595-CV, 2007
Tex. App. LEXIS 7474, at *9–10 (Tex. App.—Austin Sept. 12, 2007, no pet.) (mem. op.), for the proposition that the trial court did not have
sufficient evidence before it to “determine and give special consideration to”
the specific section 154.306 factors. 
When a sufficiency of evidence inquiry overlaps with the abuse of
discretion standard, we review (1) whether the trial court had sufficient
information upon which to exercise discretion and (2) whether the trial
court correctly applied its discretion.  See id. at *5
(citing Sandone v. Miller-Sandone,
116 S.W.3d 204, 206 (Tex. App.—El Paso 2003, no pet.)).  In Wolk,
the Austin Court of Appeals had the reporter’s record from the default hearing
before it on appeal, and could therefore determine the evidence presented to
the trial court.  See id. at *10.  In this case, although Vandemark requested
the reporter’s record from the motion for new trial hearing, he did not request
the reporter’s record from the default hearing or provide it on appeal.

The appellant bears the burden of
bringing forward a sufficient record to show the trial court’s error.  See
Nicholson v. Fifth Third Bank, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st
Dist.] 2007, no pet.)  A complete
reporter’s record is not necessary to preserve a legal or factual sufficiency
challenge.  See Bennett v. Cochran, 96 S.W.3d 227, 228 (Tex. 2002) (per curiam)
(citing Tex. R. App. P. 34.6(c)(4)).  Texas Rule of
Appellate Procedure 34.6(c) allows an appellant to request a partial reporter’s
record.  In that case, the appellant must
also include with that request “a statement of the points or issues to be
presented on appeal and [the appellant] will then be limited to those points or
issues.”  Tex. R. App. P. 34.6(c)(1).  If the appellant requests only a partial
reporter’s record, and does not include the required list of points or issues,
we presume that the omitted portions of the reporter’s record support the trial
court’s findings.  See Richards v. Schion, 969 S.W.2d 131, 133 (Tex. App.—Houston [1st
Dist.] 1998, no pet.); see also
Christiansen v. Prezelski, 782 S.W.2d 842, 843 (Tex. 1990) (“An appellant
must either comply with [the predecessor to Rule 34.6] or file a complete
statement of facts; otherwise, it will be presumed that the omitted portions
are relevant to the disposition of the appeal.”); Bennett, 96 S.W.3d at 229 (“There is no question that, had Bennett
completely failed to submit his statement of points or issues, Rule 34.6 would
require the appellate court to affirm the trial court’s judgment.”).

Here, the reporter’s certificate for
the motion for new trial hearing contains the following certification:  “I further certify that the total cost for
the preparation of this Reporter’s Record is $190.00 and was paid by Ms. Joyce
Phoenix.”  Ms. Phoenix is one of Vandemark’s
attorneys.  We construe this as a request
for a partial record.  The clerk’s record
does not contain a statement of the points or issues Vandemark planned to
present on appeal.  Because Vandemark did
not comply with the requirements of Rule 34.6(c), we presume that the omitted
portion of the reporter’s record—the default hearing and exhibits—supports the
trial court’s findings.  Without the
reporter’s record from the default hearing, we cannot conclude that the IV-D
court abused its discretion in modifying and extending Vandemark’s support
obligation.

Conclusion

We hold that Vandemark generally appeared
when he attended a hearing and signed a reset order in open court.  As a result, the trial court did not err in
refusing to set aside the default order, because Vandemark’s appearance waived
citation and the affidavit of non-military service requirements.  Furthermore, Vandemark requested a partial
reporter’s record that does not include the default hearing and did not include
a statement of the points or issues to be presented on appeal.  Thus, we presume the omitted portion of the
reporter’s record, the default hearing, supports the trial court’s
judgment.  Vandemark has failed to show
on appeal that the trial court abused its discretion in modifying and extending
Vandemark’s child support obligation.  We
affirm the order of the trial court.

 

 

                                                         Jane
 Bland

                                                          Justice

 

Panel consists of Justices Jennings,
Hanks, and Bland.











[1] As the OAG points out, page 6 of the Default Order
contains the IV-D court’s findings on health insurance availability.  Handwritten under the finding that neither
parent has access to reasonably priced private
insurance is the following:  “Both
dependent[s] are currently receiving Medicaid through their SSI benefits.”  This is some evidence that the trial court
considered the children’s SSI benefits when calculating Vandemark’s child
support obligation.